## HOLT vs. ROBINSON.

1. Any act of the plaintiff, from which he may sustain any detriment or inconvenience, or from which the defendant derives a benefit, is a sufficient consideration to support a promise.

2. Where a sheriff, having an execution in his hands, is referred by the defendant

Holt v. Robinson.

to a third person, from whom in settlement of it he takes his promissory note for the amount, and then returns the execution satisfied, the plaintiff may have the return set aside, as prejudicial to his rights; but the sheriff himself is bound by it, and can neither amend nor set it aside.

3. And in such case, a promissory note afterwards executed to the sheriff by the executor of the defendant, in consideration that the sheriff should not set aside or amend his return, and should pay the judgment himself, is without any legal consideration to support it.

4. Nor does the circumstance that the executor, at the time of the execution of his note, had a full knowledge of all the facts, in any manner affect the validity of the note.

5. The consideration of a note may be inquired into and impeached without a sworn plea.

ERROR to the Circuit Court of Barbour.

Tried before the Hon. ROBERT DOUGHERTY.

Assumpsit by Robinson against Holt on a promissory note. All the facts of the case are set out in the opinion.

COCHRAN & SAYRE, for plaintiff in error:

1. The note originally executed by Jernegan to Robinson is void. A promise made to an officer, as a sheriff, for the omission of a duty, which he is bound to perform, is void. Hodson v. Wilkins, 7 Greenl. 113; 2 Johns. 193; Story on Con. 569; Ayer v. Hutchins, 4 Mass. 370; Churchill v. Perkins, 5 ib· 541; 1 Southard, 319; Webber's Exr. v. Blount, 19 Wend. 190; 5 Mass. 385; Bobo et al. v. Thompson, 3 S. & P. 387.

2. The note executed by Holt to Robinson was void, because it was connected with, and immediately grew out of the original void contract between Jernegan and Robinson. 11 Wheat. 271.

3. The note given by Holt was to indemnify Robinson for a past neglect of duty, and, therefore, void. Story on Prom. Notes, 207, § 189; Story on Con. 505, § 575.

4. The note executed by Holt was without consideration. Thompson v. Hall, 16 Ala. 209; Beall & Co. v. Ridgway, 18 ib. 118.

5. The note was obtained by fraud, and, therefore, void. Dunklin v. Wilkins, 5 Ala. 200; 13 Wend. 570; Drake v. Moore, 18 Ala. 598; Read v. Walker, 18 ib. 332; Monroe v. Pritchett, 16 ib. 785; Story on Con. 421, §506.

A compromise induced by a false representation is not binding. Wellborn et al. v. Tiller, 10 Ala. 313.

6. The return of the sheriff proved that the execution was paid, and he cannot contradict his return. 2 Murphy, 255; 4 Ark. 185; Watson on Sheriffs, 53: 6 Ala. 254; Baker v. McDuffie, 23 Wend. 289; Williams v. Opett, 1 Smedes & M. 560; Planter's Bank v. Walker, 5 ib. 421; Van Campen v. Snyder, 3 How. 66.

7. Parties relieved where contracts made under a mistake. 5 Hump. 539, 43–4.

8. The testimony should have been excluded, for the reason, that by it the defendant in error was attempting to contradict his return as deputy sheriff. Governor, use, &c. v. Bancroft, 16 Ala. 605; Cook & Lamkin v. Bloodgood, 7 ib. 685.

9. The note executed by Holt was to pay the debt of another, for which he was not liable, and must be founded on a valuable consideration. Click v. McAfee, 7 Por. 75. The note is void for want of consideration. Rogers v. Waters, 2 Gill. & Johns. 73. The agreement on Robinson's part was not binding on him.

BUFORD, contra:

1. The consideration of the note could not be inquired into under the pleadings in this case. It could only be attacked by sworn plea. Clay's Dig. 340; Parkman & Stringfellow v. Ely, 5 Ala. 346; Young v. Foster, 7 Por. 420; Watkins v. Canterbury, 4 ib. 415; Selma R. R. Co. v. Tipton, 5 ib. 787; Nesbit v. Bradford, 6 ib. 746; Thompson v. Hall, 16 ib. 204; Click v. McAfee, 7 Por. 62; Holman v. Crane, 16 Ala. 570; Holman's Heirs v. Bank of Norfolk, 12 Ala. 370; Thompson v. Armstrong, 5 ib. 383; 5 Por. 154; 4 ib. 515.

2. The sheriff would have been allowed to amend his return. Amendments have been allowed, pending rules against the sheriff. Hodges v. Land, 10 Ala. 678; Lavender v. Lee, 14 ib. 693; Governor v. Bancroft, 16 ib. 613. And the parties themselves may reform mistakes, without the intervention of a court. Ib.

3. Money paid on a compromise cannot be recovered back, though none was due. Nabors v. Camp, 14 Ala. 460. For-

bearing color of suit is a good consideration. Pow. on Cyn. 214. Any inconvenience to promisee is a good consideration. Keenan v. Holloway, 16 Ala. 58. The sheriff may recover, where the defendant in the process imposes insufficient bail, and promises, before and after payment by the sheriff, (who was ruled for the insufficiency,) to indemnify him. Sewall on Sheriffs, 46 Law Lib. 309.

GOLDTHWAITE. J.—The circumstances under which the note sued on was given, were as follows : Robinson, the deputy sheriff, held an execution against William Holt, which he had returned satisfied, on receiving from one Jernegan, who had money in his hands belonging to said Holt, and to whom he had been referred for a settlement, the amount due on the execution. He also gave to Jernegan a receipt, to the effect, that he had, by him, received of the defendant in execution the amount of the debt, costs, .&c. Some time after this, William Holt died, and his son, the present defendant, being his executor, settled with Jernegan, and on the production of the execution, with the return endorsed, and the receipt for the amount specified therein, paid him a small balance. After this, Jernegan died, wholly insolvent, and on the fact being communicated by the plaintiff to the defendant, that the note of Jernegan was all that had been received in satisfaction of the execution, and upon the representation and legal opinion of an attorney, that the return of satisfaction could be set aside by the sheriff, and an execution issued, he executed his note for the amount of the judgment, on the consideration that the deputy sheriff was not to have the return set aside, and was to pay the execution, and the note of Jernegan was endorsed to him by the plaintiff, without recourse. Upon this state of facts, the court charged, " that if the execution had been satisfied in no other way than by the note of Jernegan, and the note sued on was given by the defendant with a full knowledge of that fact, and on condition that the plaintiff should not make an effort to amend his return on the execution, the consideration was sufficient to support the note."

It will be observed, that the transfer of the note of Jernegan to the defendant was not referred to as constituting any

portion of the consideration, and, indeed, the evidence shows that neither party attached any value to it; so that the only question presented for the determination of this court upon the charge, is, as to the correctness of the legal proposition asserted in relation to the consideration of the note.

The rule is, that any act of the plaintiff, from which the defendant derives a benefit, or from which the plaintiff may sustain any detriment or inconvenience, is a sufficient consideration to support a promise. Testing it by this rule, we think it clear, upon the facts as stated in the record, that the note had no consideration to support it. The plaintiff, in the performance of his official duties, instead of collecting the money, chose to receive in its place, from the person to whom he had been referred for the settlement of the execution, his note, and to return the execution satisfied. Now, although the plaintiff in the execution could have set aside this return, as prejudicial to his rights, it is clear that the sheriff could not have done so. Conceding that the sheriff may amend his return in cases of mistake or fraud, in this case there was neither the one nor the other. He had elected to receive the note as money, and had, upon his official oath, made his return, acknowledging that he had received the amount of the execution, and, on his own motion, he would not be allowed to falsify this return. So far as he was concerned, he could look only to that which he had voluntarily elected to receive as satisfaction. Reed v. Pruyn & Staats, 7 Johns. 425. The injury which might result from the adoption of a different rule, is strikingly illustrated in the case which we are considering. The executor of the defendant in the execution, on the production of the receipt given by the sheriff, and the execution with the return of satisfaction endorsed, settled with the person whose note had been taken, as if he had actually paid the money; and after this had been done, when the return had been acted on, and by the death and insolvency of the party whose note had been accepted by the officer in satisfaction of the execution, all recourse upon him has been rendered unavailing, it could not be allowed, that, by setting aside his return, the sheriff should avert the consequences of his own act from himself, and throw them on an innocent party. Upon the facts, as disclosed by the

bill of exceptions, the return could not have been set aside or amended by the sheriff.

That the officer agreed to pay the judgment, does not place him in a better condition. We have already shown that the receipt of the note first taken by him was a satisfaction of the execution, as to all but the plaintiff in the judgment. On his motion, alone, could the return have been set aside; and as between the sheriff and the defendant in execution, the former was bound to pay the amount according to his return. It follows, that if the officer was legally bound to pay the amount of the execution, and could neither have set aside nor amended his return, he has received no detriment. He has sustained no legal injury from his engagement not to do the one or to do the other, and the defendant has derived no legal benefit. This principle is fully sustained by authority. It may be conceded, that where the consideration is the settlement of a doubtful claim, it is sufficient to sustain a promise. Longridge et al. v. Dorville, 5 B. & Ald. 117; Russell v. Cook, 3 Hill N. Y. 504. But where it is clear that there is no liability, there is no consideration; thus, the forbearance to sue, where the party is not liable, is not a good consideration. Cro. Eliz. 208; Yelverton, 25; Bayley, J., in Longridge et al. v. Dorville, *supra*. So, an action does not lie, if a party promise in consideration of a surrender of a lease at will, for the lessor might determine it, unless there was a doubt if it was a lease for will or for years. Com. Dig. title, Action on the Case, Assumpsit, F. 8.

Neither does the circumstance, that the defendant executed the note with a full knowledge of all the facts, affect, in any manner, its validity. The question presented by the charge, is solely as to the consideration; and if the evidence shows that the note was without consideration, it could derive no support from the fact that it was made with a full knowledge of the circumstances. It follows, therefore, that the charge of the court was erroneous.

It is, however, insisted by the counsel for the defendant in error, that as the consideration of the note was not impeached by a sworn plea, it could not have been inquired into. There was no alteration of the rule of law, as respects the consideration of promissory notes, by

the statute.   Clay's Dig. 340.   They imported a considetion; not so with other writings, in which the consideration is required to be proved.   The object of the statute was simply to dispense with proof of the consideration in written instruments, by making the instrument itself *prima facie* evidence of the debt or duty which it imports to be given for.   Greene v. Foster, 7 Por. 420; Holman's Heirs v. Bank of Norfolk, 12 Ala. 369.   None of the decisions, however, go to the extent, that unless the plea is sworn to, the consideration cannot be inquired into, and the statute referred to only requires a sworn plea to put in issue the execution of the instrument, but not its consideration.

The decision of the court on these points, renders it unnecessary to refer to the other questions presented.

The judgment is reversed, and the cause remanded.