## PRATER vs. MILLER.

1. An heir-at-law having employed counsel to contest the probate of her father's will, the devisees promised, in consideration that she would withdraw all opposition and allow the will to be admitted to probate, to pay her a certain sum; but it was not shown that there was any ground for contesting the probate of the will, or any doubt as to its validity.: *Held*, that this was not a sufficient consideration to support an action on the promise to pay.

2. The court has a discretion, under the Code, to allow an amendment of the complaint by the addition of another count, even after the jury has been instructed.

APPEAL from the Circuit Court of Benton.

Tried before the Hon. THOMAS A. WALKER.

THIS action was commenced by summons and complaint

under the Code. The contract declared on is as follows: "The plaintiff claims of the defendants $1000, agreed to be paid to her by the defendants, in consideration that she and one Memory Allen and his wife Elizabeth, children and heirs-at-law of John Prater, deceased, would desist from objections which they were about to make to the probate of the last will and testament of said John Prater, the father of said defendants, who were devisees under said last will and testament, and to the validity of the same, and permit the same to be admitted to probate without her objecting thereto, or contesting the validity of the same ; and she says that, in consideration of said promise, she did desist, and said Allen and wife did desist, from making any objections to the probate of said will, and that the same was admitted to probate without any objections being made thereto ; whereupon the defendants, heirs-at-law and devisees of said John Prater, deceased, promised to pay said plaintiff within $100 of the amount to be received by them respecting a devise of the said John Prater under his said last will and testament; and she says the above sum of $1000 will be the amount within $100 of the sum which defendants respectively received as devisees under said will, and that sum is now due."

"On the trial, the plaintiff, who was one of the heirs and legatees of John Prater, deceased, offered evidence tending to prove that, on the day when the will of said Prater was offered for probate before the probate judge of Benton county, she appeared for the purpose of contesting the same, and had employed counsel for that purpose ; that the defendants made the promise set out in plaintiff's complaint, the sole consideration for which was, that plaintiff should withdraw all objection to the probating of said will, and suffer the same to be probated so far as she was concerned. There was no evidence that there was any objection whatever that could have been urged against admitting said will to probate." The court charged the jury, in substance, that if they believed from the evidence that, when said will was offered for probate, plaintiff employed counsel to contest it, and appeared before the court for the purpose of contesting it, and that defendants, in consideration of her withdrawing her opposition to the probate of said will, promised to pay her the sum of money

now sued for, this is a sufficient consideration to sustain an action on the promise; to which charge the defendants excepted.

"After all the evidence had been adduced, the argument of counsel heard, and the court had charged the jury, upon defendants' asking the court that, if there was a variance between the proof and the contract set out in the complaint, plaintiff could not recover, plaintiff asked leave to file an additional count to her complaint; to which defendants objected, but their objection was overruled, and the following count was then filed, to-wit: "Plaintiff claims of defendants $1000, due from defendants to plaintiffs, with interest from the — day of October, 1850"; to which defendants excepted.

The charge of the court, and the allowing of the amendment, are now assigned for error.

JAS. B. MARTIN, for the appellants:

1. The complaint alleged the consideration of the contract declared on to be, that plaintiff *and Allen and wife* should desist from objecting to the probate of Prater's will, and that they did desist; while the charge asserts, that plaintiff may recover without showing that it was a part of the contract that Allen and wife should withdraw their objections, and that they did withdraw them. The charge, therefore, was erroneous.—Rowland & Heifner v. Ladiga's Heirs, 21 Ala. 9. The consideration of the contract must be proved as alleged, to entitle the plaintiff to a recovery.—Chitty's Pl., pp. 304-5; Stone v. Knowlton, 3 Wend. 374; 3 Caines' Rep. 286.

2. The charge broadly asserts that the plaintiff may recover upon the consideration proved, although no injury or inconvenience resulted to her from the promise, and no benefit accrued to the defendants, and although it was not in compromise or settlement of a suit, or other legal contest, as to the result of which there was any doubt in law or fact. The bill of exceptions declares, that the *sole* consideration proven was, that the plaintiff should desist from objecting to the probate of the will; and this was not sufficient. In all the cases in which a promise, made in compromise of a legal claim or demand, has been held good, either a suit was then pending, the cost and trouble of which were avoided by the promisor, or the facts showed the existence of a cause of action, the jus-

tice or legality of which was doubtful; for it is well settled, that forbearance to sue, when no cause of action existed, is not a sufficient consideration.—Parsons on Con., pp. 363-67; Newell v. Fisher, 11 Sm. & Mar. 431; Edwards v. Baugh, 11 Mees. & W. 641; Longridge v. Dorville, 7 Serg. & Low. (5 B. & Ald.) 43; Cro. Eliz. 206; Holt v. Robinson, 21 Ala. 106.

3. The court erred in allowing an additional count to be filed. An amendment of a declaration will not be allowed, in a material point, after an issue is submitted to the jury.— Watkins v. Canterbury, 4 Por. 415. There is nothing in the Code which tends, in the slightest degree, to sanction the action of the court. Section 2402 applies only when there is "a defect, or want of form," in the complaint, which is not pretended here, as the complaint set out a good cause of action, in a legal and formal manner, and its allegations, if proved, would have authorized a judgment on it. The amendment was allowed after the evidence was closed, after argument had, after the jury had been charged, and when the defendants' counsel invoked a principle of law which showed that the plaintiff had failed to make out her cause of action by the proof; its effect was, to allow the plaintiff to declare upon another cause of action, of which the defendants had no notice, and which changed the case that had been already submitted to the jury. To allow such an amendment, would be to abrogate all the substantial and salutary rules of pleading, as well as those which are merely technical, and, instead of requiring the proof to conform to the pleadings, allow a party to make his pleadings conform to the proof when ascertained. Amendments which are allowable are within the discretion of the court, and cannot be reviewed; but the granting of inadmissible amendments is revisable on error.—Guilford v. Adams, 19 Pick. 376; Haynes v. Morgan, 3 Mass. 208; Brigham v. Este, 2 Pick. 32.

4. Is not the contract here relied on illegal, as being against public policy?

WHITE & PARSONS, and M. J. TURNLEY, contra:

1. The consideration of the contract declared on is sufficient to sustain the action. A benefit conferred, or an injury suffered, is a sufficient consideration to sustain a promise. Pre-

vention of litigation, or any equivalent proceedings to try a question, the legal result of which is doubtful, is a good consideration; and no investigation into the character of the claims submitted, upon an agreement to prevent or stop litigation, will be permitted.—Parsons on Con., pp. 357, 364, 369; Chitty on Con., pp. 29, 43, and notes; Story on Con., p. 353; Okison v. Barclay, 2 Penn. 531; 3 Pick. 93.

2. The amendment of the declaration was properly allowed. Code, §§ 2402, 2403.

CHILTON, C. J.—The executors of John Prater having propounded his will for probate, Mrs. Miller, the daughter and one of the heirs-at-law of the testator, employed counsel, and appeared in the Probate Court on the day set apart for proving the will, and avowed her intention of contesting it. Thereupon the appellants contracted and agreed with her, that, in consideration of her making no contest, and allowing the will to be proved as the last will and testament of her father, they would pay her the sum sued for. In conformity to the agreement, she made no contest, and now seeks to recover the amount which they agreed to pay.

There is no evidence that any just cause existed why the will should not have been admitted to probate as valid, nor is it shown that even any doubt existed as to its validity. The appellee threatened to contest it, and went so far as to employ counsel for this purpose, and was induced to desist by reason of the appellants' agreement to pay her the sum demanded. The charge of the circuit judge substantially presents the question, whether, under such a state of facts, she was entitled to recover. He was of opinion, and so charged the jury, that, if the facts existed as above stated, she could maintain her action.

The plaintiff in the court below relied upon a verbal contract, and it was incumbent upon her to show that it was supported by a consideration such as the law will regard. Her engagement was, to interpose no objection to the probate of her father's will—a general forbearance to gainsay its validity in the Probate Court. Is this, without more, a sufficient consideration? If no doubt existed as to the validity of the will, it was her legal duty not to have interposed. It could not

be tolerated that any one should enforce a promise to pay money, the sole consideration of which was an exemption from a threatened suit, for which there was not the least foundation. As well might a party be allowed to recover upon a contract to pay so much money in consideration that the plaintiff would not slander the defendant, as that he would not make a false clamor in court against him. To make such consideration valid, there must be some *legal right* abandoned or postponed, or some obligation imposed by the contract beyond what the law, without it, enjoins as a duty. Mrs. Miller could have made a contest, but would it have availed her anything? If she had even proved successful, it is not shown that she would have been benefited. The proof entirely fails to show that she has suffered any detriment or inconvenience, or that the defendants below have in anywise been benefited.

The old cases upon this subject held, that the forbearance of suit, where a party was not liable, was not a good consideration.—Tooley v. Windham, Cro. Eliz. 206 ; King v. Hobbs, Yelv. 26. A modification of this doctrine was introduced by the court in Longridge v. Dorville, 5 B. & Ald. 117, where it was held, the yielding up the prosecution of a right as to which the law was doubtful would sustain a promise to pay. But it was admitted by Holroyd, J., in that case, " that if a person is about to sue another for a debt for which he is not answerable, the mere consideration of forbearance is not sufficient to render him liable."

In Edwards v. Baugh, 11 Mees. & W. 641, the declaration stated, that disputes and controversies were depending between the plaintiff and defendant, as to whether or not the defendant was indebted to the plaintiff in, to-wit, the sum of 173*l.* 2*s.* 3*d.*, for money lent to and paid for the defendant by the plaintiff ; and thereupon, in consideration that the plaintiff would then promise the defendant not to sue him at any time for the recovery of said sum so in dispute between them, and would accept from the defendant the sum of 100*l.* in full satisfaction and discharge of the same, the defendant promised the plaintiff to pay him the sum of 100*l.* in a reasonable time :—*It was held*, that the declaration was bad, as not showing a sufficient consideration for the promise, there being no allegation that any debt was due, but merely that a dispute and

controversy existed respecting it. It was contended in that case, for the plaintiff, that the relinquishment by him of a right, and a corresponding benefit to the defendant of being saved costs, &c., incident to making defence, &c., was a sufficient consideration ; and that the parties, by their agreement, had constituted themselves the judges as to whether anything was due or not, and had admitted thereby the legality of a claim for some amount. But the court held otherwise. "Lord Abinger, C. B.—The declaration only alleges that certain disputes and controversies were pending between the parties, whether the defendant was indebted to the plaintiff a certain sum of money. There is nothing in the use of the word "controversy" to render this a good allegation of consideration." He conceded that the declaration would have been good, if it had averred that the defendant was indebted to the plaintiff in divers sums for money lent, &c., and a dispute arising as to the amount due, the defendant promised to pay so much in satisfaction, &c. In that case, he said, the plaintiff would have been bound to have proved at the trial the existence of a debt to some amount : he might not be bound to prove that the whole amount was due, "but simply to show such a claim as to lay a reasonable ground for the defendant's making the promise ;" whereas, he said, "in the present case, he would not have to prove anything beyond the fact that there had been a dispute between himself and the defendant as to the existence of a debt. A man may threaten to bring an action against any man he meets in the street." Rolfe, B., said he was of the same opinion, and that the counsel for the plaintiff had laid down the doctrine much too broadly—that if a party forbears to do something which he might have done, that forbearance would be a good consideration for a promise ; so that, if it had appeared on the face of the declaration that nothing had been due the plaintiff, his forbearance to sue would even then be a good consideration. "I cannot," said he, "subscribe to that. I think the plaintiff is bound to show a consideration, in the shape of something either beneficial to the opposite party, or detrimental to himself." See, also, 2 Binn. Rep. 509; 5 Serg. & R. 519; Parsons on Con. 365-367; Story on Cont., § 436; 21 Ala. 111; Add. on Con. 32-33; Chitty on Con. 43-4.

In this case, the proof wholly fails to show that any ground of contest existed ; and without this, or without some proof showing a reasonable ground of dispute, the plaintiff below had no cause of action, has sustained no injury or inconvenience, and cannot therefore recover.

We think the court had a discretion, under the provisions of the Code, to allow the amendment, and hence we would refuse to reverse for that reason.

For the error in the charge, the judgment is reversed, and the cause must be remanded.