## STEWART *vs.* BRADFORD.

1. The exclusion of part of an answer to an interrogatory, which was only admissible (if at all) upon the idea that, when fairly construed, it amounted merely to an expression of the witness' opinion that a slave was worthless, is not a reversible error, when another part of the same answer, which was read in evidence by the appellant, contained a clear statement of the witness' opinion on that point.

2. *Held*, on the authority of Prater v. Miller, 25 Ala. 320, that a verbal promise to pay, or to part with anything valuable, in settlement of a controversy not existing in the form of a pending suit, cannot be enforced in a court of law, without some proof that there was a reasonable ground for such controversy; and that, therefore, in a suit on a note given for the price of a slave, it was not error to refuse to instruct the jury, at the defendant's request, "that if they believed there was a controversy between plaintiff and defendant as to whether plaintiff had defrauded defendant in the sale of the negro, and that plaintiff, in settlement of the controversy, agreed to knock off one hundred dollars on the note, then defendant would be entitled to a deduction for that sum."

3. *Held*, also, on the authority of Bush v. Bradford, 15 Ala. 317, that where the purchaser of a slave accepts a bill of sale without warranty, which shows on its face that he took the slave at his own risk, he cannot defend a suit on the note given for the purchase money, on the ground of "misrepresentation without fraud."

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. EDMUND W. PETTUS.

WHITE & PARSONS, for the appellant.
MORGAN & MARTIN, *contra.*

RICE, J.—This suit is founded on a note executed by the appellant to the appellee, for a part of the price of a female slave sold by the latter to the former. The contract of sale is evidenced by a bill of sale, which does not contain any warranty, but shows on its face that the appellant took the slave "at his own risk."

On the trial, after the note had been read in evidence, the appellant offered in evidence the deposition of James M. Edwards, who, in his answer to the second interrogatory, makes the following statements: "A few days after Mr. Stewart purchased her (the aforementioned slave), I was at his house,

and examined her at his request, and found her to be so unsound that I would not have had her as a gift." * * * * *
"I do not consider the negro worth any thing. I consider her an expense instead of a profit."

The appellee objected only to so much of said answer as reads as follows: "And found her to be so unsound that I would not have had her as a gift." The court below sustained this objection, and the appellant excepted. The other parts of said deposition were read in evidence.

If the words embraced by the aforesaid objection were admissible as evidence, they were only admissible upon the idea, that when fairly construed, they amounted merely to an expression of the opinion of the witness that the slave was valueless. Whether such is a fair construction of those words, we do not say. But conceding that such construction would be correct, and that there was error in excluding those words, yet it was error without injury, because the same witness, in the same answer, gives a clear statement of his opinion, that the slave was not "worth anything," but on the contrary was "an expense instead of a profit;" and this last statement was read in evidence by the appellant. This ruling of the court furnishes no ground for reversal.

The appellant excepted to the refusal to give two charges asked by him, as follows:

"1st. That if the jury believe there was a controversy between plaintiff and defendant as to whether plaintiff had defrauded defendant in the sale of the negro, and that plaintiff, in settlement of the controversy, agreed to knock off one hundred dollars on the note sued on, then defendant would be entitled to a deduction for that sum.

"2d. That misrepresentation, without fraud, may be sufficient to authorize such a defence as is attempted to be set up here."

In Prater v. Miller, 25 Ala. 320, it was decided, that when a plaintiff founds his right of recovery upon a *verbal* agreement or promise of the defendant, he is bound to prove a consideration, in the shape of something either beneficial to the defendant, or detrimental to himself; that the mere existence of a "controversy," not in the form of a *pending suit*, is not, *per se*, a sufficient consideration to uphold a *verbal* promise made

in settlement of such controversy; and that there could not be a recovery on such promise, "without same proof showing a *reasonable ground*" for the existence of the controversy. In other words, it was held that a *verbal* promise to pay or part with anything valuable, in settlement of a controversy not existing in the from of a *pending suit*, cannot be enforced in a court of law, without some proof that there was a reasonable ground for such controversy.

Upon the authority of Prater v. Miller, *supra*, we must hold that there was no error in refusing the first charge asked by appellant; for, if that charge had been given, the jury would have been bound to give effect to the agreement therein mentioned, although they might have believed that there was no "reasonable ground" for the "controversy" referred to in that charge.

Upon the authority of Bush v. Bradford, 15 Ala. 317, we hold, that there was no error in refusing the second charge asked by appellant. For, conceding that there may be cases, in which "misrepresentation without fraud" might be sufficient to authorize the vendee of a slave, when sued for the purchase money, to make a defence, either total or partial, on account of the unsoundness of the slave;—yet it is clear, that no defence can be founded on "misrepresentation without fraud," in such a case as this, where the vendee has accepted a bill of sale which contains no warranty, but shows on its face that he took the slave at his own risk. The court below properly refused to give the second charge, on the ground that it was abstract.

There is nothing in any of the rulings of the court below authorizing a reversal, and its judgment is affirmed.