## CALDWELL *vs.* SAWYER.

[BILL IN EQUITY TO SUBJECT SEPARATE ESTATE OF MARRIED WOMAN.]

1. *How wife may charge her separate estate.*—Where a married woman, owning a separate estate before the adoption of the Code, joined with her husband in the execution of a promissory note, for the purchase-money of a slave bought by them, such note was a charge upon her separate estate.

2. *Fraud available as equitable defense to note.*—Where a bill seeks to subject the separate estate of a married woman to the payment of a note executed by her, jointly with her husband, for the purchase-money of a slave, she may set up fraud in the sale as a defense to the note ; and, on proof of such fraud, is entitled to a deduction from the note of a sum equal to the difference between the price paid and the actual value of the slave, together with interest on that sum.

3. *Misrepresentation amounts to fraud.*—If the vendor of a slave, knowing that she is not a good cook, falsely represents her as such to the purchaser, who is thereby deceived, and induced to pay a higher price than the slave is worth,—such misrepresentation amounts to a fraud.

APPEAL from the Chancery Court of Shelby.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Elbert H. Sawyer against Mrs. Susan A. Caldwell, seeking to subject the defendant's separate estate to the payment of a promissory note executed by her, jointly with her husband since deceased, for a part of the purchase-money of a slave sold to them by said Sawyer on the 8th February, 1851. The bill alleged, that the complainant had instituted an action at law on said note, against both the makers; that Mrs. Caldwell pleaded her coverture, and was thereupon discharged; and that he obtained a judgment, with a return of "no property" on an execution, against the husband, who had since died. It does not appear whether Mrs. Caldwell's separate estate was held under contract or statute.

The defendant answered the bill, admitting all its material allegations, but setting up fraud and misrepresentation in the sale, and a breach of the warranty of soundness, in defense of the relief sought by the bill.

On final hearing, on pleadings and proof, the chancellor held, that the defense was not sustained by the evidence ; and he therefore rendered a decree in favor of the complainant, which is now assigned as error.

S. LEIPER, for appellant.
JAS. B. MARTIN, *contra.*

Caldwell v. Sawyer.

RICE, C. J.—When the wife, owning a separate estate, before the adoption of the Code, joined with her husband in the execution of a note, for the price of a personal chattel bought by them, the note was a charge upon that separate estate.—Ozley v. Ikelheimer, 26 Ala. 332; Walker v. Smith, 28 Ala. 569.

Such note, however, did not impose upon her any liability which could be enforced at law, or against her personally. As to her, it could be enforced in equity, as a charge upon her separate estate. But, when the attempt was thus made to enforce it, it was open to all the defenses, total or partial, to which it would have been subject had she been suable, and sued upon it at law. She was entitled to aver and prove that it was not a charge to any extent upon her separate estate, or that it was not a charge to the extent apparent on its face.

If Mrs. Caldwell (now Mrs. Perkins) had been suable and sued at law upon the note mentioned in the bill, she would not have been confined to the defense founded on a breach of the warranty contained in the bill of sale of the slave, for part of the price of which the note was given. She would have been entitled to show in defense that, although there was no breach of warranty, there was fraud on the part of the vendor in the sale of the slave.— Milton v. Rowland, 11 Ala. 732; Barclay v. Dixon, 22 Ala. 370; Morgan v. Patrick, 7 Ala. 185; Bradford v. Stewart, 26 Ala. 410. And if she had proved such fraud in the sale, then, as she had not availed herself of the right to rescind the contract on account thereof, she would have been entitled to a deduction from the note, of a sum equal to the difference between the actual value of the slave at the time of the sale, and the value the slave would have possessed at that time, if she had conformed to the representation made by the vendor, and in which representation the fraud consisted, with interest on that sum. Marshall v. Wood, 16 Ala. 806; Rowland v. Shelton, 25 Ala. 217.

A careful examination of the pleadings and evidence in this cause, has brought us to the conclusion, that the complainant, knowing the negro woman not to be a good

cook, falsely represented her to Mrs. Caldwell and her husband, (who were ignorant of the qualities of the negro,) to be a good cook, and thereby deceived them, and induced them to buy her at a price higher than he otherwise could have obtained, and than she was worth. Such a misrepresentation is regarded by courts of law, as well by courts of equity, as a fraud.—Munroe v. Pritchett, 16 Ala. 785; Gressett v. Foster, 29 Ala. 393; Atwood's Adm'r v. Wright, *ib.* 346.

The decree of the chancellor is erroneous, and must be reversed. The cause is remanded for further proceedings not inconsistent with this opinion. The appellee must pay the costs of the appeal to this court.