BURCH *vs.* TAYLOR & CO.

[ACTION ON PROMISSORY NOTE.]

1. *Amendment of complaint.*—In an action against an administrator, on a promissory note described as " made by *him*," the complaint may be amended, after the argument to the jury has commenced, by striking out the word " *him*," and inserting in lieu thereof the name of his intestate.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. C. W. RAPIER.

The original complaint in this case, as set out in the bill of exceptions, was as follows:

"Edward T. Taylor & Co. } The plaintiffs claim of the
vs. } defendant one hundred dol-
Thos. H. Burch, adm'r } lars, due by promissory note
of Gerald Burch, deceased. } made by *him*, on the 12th Jan-

uary, 1852, and payable on the 13th January, 1852, with interest thereon."

On the trial, the plaintiffs offered in evidence a note executed by *Gerald Burch ;* to which no objection appears to have been then made. In the argument to the jury, the defendant's counsel insisted, that no recovery could be had on the note; and thereupon the court allowed the plaintiffs to amend their complaint, by striking out the word " *him*," in the description of the note, and inserting the name of Gerald Burch, the defendant's intestate. The allowance of this amendment, to which the defendant excepted, is the only matter assigned as error.

Jno. M. Phillips, for appellant.
Jno. A. Lewis, *contra*.

RICE, C. J.—Upon the authority of our previous decisions, the amendment of the complaint excepted to by the defendant was allowable.—Crimm v. Crawford, 29 Ala. R. 623; Agee v. Williams, 30 *ib*. 636; Dwyer v. Kennemore, at the present term; Prater v. Miller, 25 Ala. 320; Goldsmith v. Picard, 27 *ib*. 149.

Judgment affirmed.