## COWLES and WIFE *vs.* MORGAN.

[BILL IN EQUITY TO SUBJECT WIFE'S SEPARATE ESTATE TO PAYMENT OF CHARGE.

1. *Power of wife to charge statutory separate estate.*—Whether the wife has power to charge her statutory separate estate with the payment of any other debts than those specified by section 1987 of the Code—" this question," the court say, "we leave open and undecided, and when it shall hereafter arise, we will not regard ourselves as trammeled in its investigation by the incidental remark in *Durden* v. *McWilliams*, 31 Ala. 438."

2. *Difference between separate estates created by statute and by contract.*—An averment in a bill in chancery, that a married woman holds property " to her sole and separate use," shows that her estate was created by contract, and not by statute.

3. *Power of wife to charge separate estate created by contract.*—A promissory note, executed by the wife during coverture, jointly with her husband, is a charge on her separate estate created by contract.

4. *Form of decree directing application of surplus proceeds of wife's separate estate, after payment of charge.*—Where a sale of the wife's separate estate created by contract, for the satisfaction of a charge created by her, is ordered by the chancery court, the decree should direct the surplus of the proceeds of sale, after satisfaction of the complainant's debt, to be paid to her alone, and not to her and her husband; but the appellate court, while reversing the chancellor's decree for an error in this respect, will itself render the proper decree.

APPEAL from the Chancery Court at Claiborne.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by John H. Morgan, against Frederick A. Cowles, and Lucretia C., his wife;

Cowles and Wife v. Morgan.

and sought to subject Mrs. Cowles' separate estate to the payment of a note executed by her, jointly with her said husband, on the 16th January, 1857. It alleged, that the complainant instituted an action at law on the note, after its maturity, against both of the defendants, and obtained a judgment against the husband, but his suit was defeated as to Mrs. Cowles by the plea of coverture; that the husband was wholly insolvent, both when the judgment was rendered, and when the bill was filed; that Mrs. Cowles, at the filing of the bill, had in her possession certain property, " as her separate estate," consisting of slaves and a tract of land; " that she holds said property, with other personal property, the description of which is unknown to complainant, to her sole and separate use, and the same is not liable to the debts and contracts of her said husband." Mrs. Cowles interposed a demurrer to the bill, on the ground that it did not show the character of her separate estate—whether held by deed, will, or statute—and therefore was not sufficient to enable the court to subject her separate estate to the payment of the complainant's demand. The demurrer was overruled by the chancellor, and a decree *pro confesso* was afterwards entered against both of the defendants. On ·final hearing, the chancellor rendered a decree for the complainant, and ordered the master to sell so much of Mrs. Cowles' separate estate, described in the bill, as might be necessary to satisfy his claim, and, after paying the costs, to pay over any surplus that might remain " to the defendants." The chancellor's decree is now assigned as error.

O. S. JEWETT, for appellants.

TORREY & LESSLIE, *contra*.

A. J. WALKER, C. J.—The argument against the equity of the complainant's bill is, that a married woman's separate estate, existing by virtue of our statutes, can not be charged by her with the payment of her debts generally; and that it does not appear from the bill whether the· separate estate of the feme-covert defendant was secured to her by contract, or is held under the statute.

It is not necessary for us to decide upon the former of the two propositions of the argument, because the latter is altogether untenable. We therefore leave the question of the liability of a married woman's separate estate held under our statutes to her debts, other than those described in section 1987 of the Code, open and undecided; and when the question shall hereafter arise, we will not, in investigating it, regard ourselves as trammeled by the incidental remark in Durden v. McWilliams, 31 Ala. 438.

[2.] The bill avers, that the married woman holds the described property "to her sole and separate use." This averment distinguishes her estate from that which is vested by our statutes. It is the characteristic of separate estates at common law, that they were held to the sole and separate use of the feme covert. The husband had no right, as against his wife, to control and manage such estate, or to receive the rents and profits, and the wife is as to it regarded as a feme sole.—Roper v. Roper, 29 Ala. 247; American H. M. Society v. Wadhams, 10 Barb. 597; Willard's Eq. 652, 645, 646, 647; Jacques v. Methodist Epis. Church, 17 Johns. 548; Hooper v. Smith and Wife, 23 Ala. 639; McCroan v. Pope, 17 Ala. 612; Firemen's Ins. Co. v. Bay, 4 Barb. 407; Strong v. Skinner, *ib.* 546; Colvin v. Currer, 22 *ib.* 371–384; Brandon v. Robinson, 18 Vesey, 434; 2 Story's Equity Jur. §§ 1391, 1392.

The separate estate existing by virtue of our statutes, is not "held to the sole and separate use of the feme covert." The husband has the right to control and manage it, and to receive the rents, income and profits, without liability to account therefor, unless he is deprived of the trust on account of incapacity or unfitness.—Code, §§ 1983, 1994. Property in which the husband has such rights, is not held to the sole and separate use of the wife; for, if held to the sole and separate use of the wife, the husband has no interest in it, and no right of control over it. Albany Fire Ins. Co. v. Bay, 4 Comst. 9–11; Colvin v. Currer, *supra.*

[3.] The estate described in the bill being a separate estate at common law, there can be no doubt, under our

35

decisions, that the note executed by the wife, jointly with her husband, was, upon the facts stated in the bill, a charge upon the property.—Caldwell v. Sawyer, 30 Ala. 283; Shepherd's Digest, 275, §§ 52–59.

[4.] Upon the facts alleged in the bill, which the defendants must be regarded as admitting by suffering a decree *pro confesso* to be rendered, the property ordered to be sold belonged to Mrs. Cowles, and any surplus of the proceeds of the sale which may by possibility remain after paying the costs and debt, will also belong to her. The decree is, therefore, erroneous in giving direction for the payment of such surplus to the husband and wife. For this error, the decree must be reversed, and a decree must be here rendered, conforming in every respect with the decree of the chancellor, except that the register must be ordered to pay over any surplus which may remain, after discharging the costs of the court below, and the debt and interest thereon, to Mrs. Cowles. The appellee must pay the costs of this court.