## MOLTON ET AL. *vs.* MARTIN.

[BILL IN EQUITY TO SUBJECT LANDS PURCHASED BY A MARRIED WOMAN TO PAYMENT OF NOTE MADE BY HER, FOR BALANCE OF PURCHASE-MONEY.]

1. *Married woman's separate estate by contract ; what will not create, in opposition to her separate estate by statute.*—A conveyance, "to the sole and separate use and behoof" simply, of a married woman, made since the Code, does not create in her a separate estate by contract, in opposition to her separate estate by statute, especially when a large proportion of the purchase-money paid was her statutory estate.

2. *Married woman's separate estate by statute ; how cannot be changed by husband and wife.*—The husband and wife cannot convert the wife's separate estate by statute into her separate estate by contract, so as to defeat the law for the protection of the property of married women.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. N. W. COCKE.

THE bill in this case, which was filed by the appellee against the appellants, alleges that one Hooks and John B. Martin sold the land described in the bill to Mrs.

Mary Molton, now, and at that time, a married woman, and the wife of Thos. J. Molton; that she paid $4,000, and with Thos. J. Molton, her husband, executed two promissory notes for $750 each, for the remainder of the purchase-money; that a conveyance of said lands was duly made to Mrs. Molton, " to her, her assigns, heirs, executors and administrators, *to her sole and separate use and behoof forever ;*" that one of said notes has been transferred to appellee, and that said note is unpaid.; that said lands so conveyed by said deed is the separate estate of Mary W. Molton, and so created by said deed, and that said estate, so created, was charged by said Mary W. Molton, by the execution of said notes. The bill prays that the note assigned to appellee be decreed a charge on said land, and that the same be sold for its payment. The note and deed are made exhibits to the bill.

The answer of defendants, which was sworn to, admits the sale of the land, the cash payment, and execution of the notes, as alleged, but avers that said cash payment was made with monies, the separate statutory estate of Mary W. Molton, held by her, under and by virtue of the laws of Alabama, securing to married women their separate estates; denies that the character in which she held said separate estate was changed by its investments in the lands, but avers that said lands in like manner become the separate estate of said Mary W. Molton, by virtue of the laws of Alabama ; denies that said lands were charged by said Mary W. Molton, by the execution of said notes; denies that said Mary W. Molton intended, in, or by, the execution of said notes, to change said lands, but, on the contrary, avers that it was then expected and intended by her that said Thos. J. Molton, who was largely indebted to her, on account of monies belonging to her separate statutory estate as aforesaid, would pay said note, and by his becoming security on said note, the vendor's lien, as well as all other liens and charges, as against her, were supposed, and intended to have been waived and discharged.

The defendants also demurred to the bill for want of equity.

" It was admitted that the $4,000 cash paid by Mary W

Molton for the purchase-money, in part, of the land, in the bill mentioned, was the separate statutory estate of Mrs. Mary W. Molton ; that said Mary W. Molton then was, and still is, a married woman, the wife of Thos. J. Molton, and that previous to the purchase of said lands, said Thos. J. Molton has used, for his own purposes, money belonging to the separate statutory estate of said Mary W. Molton, to an amount greater than the amount of said note."

On the hearing, the cause was submitted on bill and answer, exhibits, and admission of counsel, and the chancellor decreed that complainants were entitled to the relief prayed for, and ordered a reference to the register, &c., &c.

The defendants appeal to this court, and assign for error—

"1. That the court erred in overruling the demurrer.

2d. That the court erred in the decree rendered."·

WATTS & TROY, for appellant.—The answers and the proof show that the money, $4,000, was the separate statutory estate of Mrs. Molton, and that this money was invested in the lands, and that, therefore, the lands conveyed to her must be considered, and are, in equity, her separate statutory estate.

2. This note was not signed in the presence of two witnesses, as the statute required conveyances to be executed of married women's separate statutory estates.

Under the pleadings and the proof, the lands conveyed to Mrs. Molton, in lieu of her money, her separate statutory estate, must be regarded as her separate statutory estate, whatever may be the form of the deed of conveyance to her.—See *Smith v. Oliver*, 31 Ala ; *Bolling v. Mock*, 35 Ala. 727.

The husband has no right ; neither has the wife the right, to convert the wife's separate statutory estate into an estate to her sole and separate estate.

3. If the lands thus bought with the separate statutory estate of the wife are to be considered and held in equity as her separate statutory estate, then it is clear that the wife has not charged that separate estate by making this promissory note.—See *Bibb v. Pope and Wife*, decided at

Molton et al. v. Martin.

January term, 1869 ; see, also, *Warfield v. Ravesies and Wife*, 38 Ala. 518 ; also, Revised Code of Alabama, § 2374.

This section of the Code expressly provides that the proceeds of the sale of the wife's separate statutory estate, shall be the separate statutory estate.

If money, the separate statutory estate of wife, be sold for lands, are not the lands the proceeds of such sale, and must they not necessarily be held as the separate statutory estate of the wife ?

Does not this section of the Code, and others, prohibit the husband and wife, or either, from converting the separate statutory estate of the wife into a contract estate to the sole and separate use of the wife ?

4. But if we are wrong in the positions above taken, still, we think it is clear that the lands, to the extent of the $4,000 in the lands, must be considered and held as her separate statutory estate, and that to this extent her right is superior to that of the complainant, and that the chancellor erred in decreeing that the lands were charged by the promissory note. The wife's right to the extent of the $4,000 invested in the lands, should have been protected, and the decree should only have provided that the surplus, after the repaymeut to the wife of the $4,000, should be subjected to the payment of the promissory note.

5. In Maine, under a woman's law similar to our own, it has been held that the note and mortgage made by a married woman, for a purchase of land on a credit, are void.—See *Dunning v. Pike*, 46 Maine, 461.

In *Warfield v. Ravisies and Wife*, 38 Ala. 513, our own supreme court hold a similar doctrine ; and this is decisive of the case at bar.

STONE, CLOPTON & CLANTON, *contra*. (No brief on file.)

B. F. SAFFOLD, J.—If the land sought to be subjected to the payment of the note is the separate estate of Mrs. Molton, by contract, and not by statute, the note given by her is valid, in equity, and a charge on the land.—*Cowles v. Morgan*, 34 Ala. 535. If it is her separate estate by stat-

ute, the note, not being witnessed by two persons, is not a charge on it, and the land cannot be subjected to the payment of it under this bill.—Revised Code, § 2373 ; *Warfield v. Ravesies and Wife,* 38 Ala. 518.

The deed conveys the property of Mrs. Molton to her sole and separate use and behoof. Before the Code, the terms of this conveyance would have excluded the marital rights of the husband, and given the wife such an interest in the property as she could have charged by her simple promissory note. But § 2371, Revised Code, makes all the property of the wife, held by her previous to the marriage, or to which she may become entitled after the marriage, in any manner, the separate estate of the wife, not subject to the payment of the debts of the husband. Is there such an opposition in the terms of the deed and those of the statute, that both cannot stand together ? What is the difference between the separate estate of the wife, not subject to the payment of the debts of the husband, and an estate of the wife to her sole and separate use and behoof ? Is there such an evident intention expressed in this deed to change the tenure of the estate, as to overcome the denial of the answer that such was the intention with which it was received, and the fact that the money invested in the land was the statutory estate.

Can the husband and wife convert her statutory estate into an estate by contract ? Would not the attempt to do so, be such a contracting with each other for the sale of property as is forbidden by § 2374 of the Revised Code ? The law for the protection of the property of married women, is of little consequence, if its operation can be avoided at pleasure by husband and wife.

We decide that the note is not a charge on Mrs. Molton's separate statutory estate, and that the land is her statutory estate to the extent of her interest in it.

The decree is reversed, and the cause is remanded, that such further action may be taken as the parties may be advised is proper.