BRAME *vs.* McGEE ET AL.

[BILL IN EQUITY TO SUBJECT CONTRACT SEPARATE ESTATE OF MARRIED WOMAN
TO PAYMENT OF A NOTE GIVEN BY HER WITHOUT CONSENT OF HER HUSBAND,
DURING COVERTURE, FOR PAYMENT OF HER OWN DEBT.]

1. *Separate estate of married woman; what will be subjected in equity to
payment of note executed by her during coverture.*—Where a *feme sole,* in
contemplation of marriage, by an ante-nuptial deed conveys her prop-
erty to a trustee, in trust to her sole and separate use, for the support
and maintenance of her intended husband and herself, and such chil-
dren as they may have, chancery will charge it with the payment of a
promissory note, made by her after the marriage, for her own debt.

2. *Same; bill filed to subject; what need not state.*—A bill, filed for that
purpose, need not state that the debt was contracted for "family sup-
plies or maintenance."

APPEAL from Chancery Court of Greene.
Heard before Hon. A. W. DILLARD.

IN 1860 one of the appellees, Mrs. McGee, then a Miss
Mason, in contemplation of marriage with James McGee,
joined with him in a deed by which they conveyed her es-
tate, real and personal, to appellee, Foster M. Kirksey, to
hold the same in trust for the sole and separate use of Mrs.
McGee after the marriage, which, as the bill of complaint
states, took place on the day after said deed was made,

without being subject, in any manner, to the debts of her intended husband, and that said trustee should permit her and her husband to keep and retain in their possession, during their joint lives, the slaves belonging to the wife, and take the issues, profits and labor of said slaves for the support, maintenance and use of themselves and any children they might have, and also to occupy and cultivate the lands thereby conveyed; but said property was not to be sold or disposed of, without the joint consent of Mr. and Mrs. McGee and said trustee; and, if Mrs. McGee survived her husband, she was then to hold said property, and the rights and interests therein, discharged from the said trusts, but if Mrs. McGee died first, then said property to be disposed of as she might direct by her last will and testament, and if she failed to make a will, then to go to her heirs-at-law.

In 1867, Mrs. McGee made a promissory note, commonly called a due bill, to the complainant for fifty-seven dollars, and the same being unpaid, complainant, in 1869, filed his bill- to have said promissory note paid out of said separate estate. The bill states, that at the time the same was filed, the separate estate of Mrs. McGee consisted of a house and lot in the town of Eutaw, the residence of said husband and wife, several hundred acres of land, and between four and five thousand dollars in the hands of said trustee, and prays that said note and the costs of said suit might be decreed to be paid out of the trust funds in the hands of said trustee, &c., and for general relief.

Mr. and Mrs. McGee and said trustee are made parties defendant. Decrees *pro confesso* were taken against all the defendants, which were afterwards set aside, and said parties filed answers and demurrers. The answer of the trustee was required to be on oath, but was without oath, and assigns several grounds of demurrer. The husband and wife filed an answer and several grounds of demurrer to the bill. The second only need be noticed, and that is based on the ground that the bill does not state that the said note was given for the support and maintainance of the family, &c.

All the several causes of demurrer were overruled, except the one above named, which was sustained, and the chancellor required the complainant to amend his bill " so as to charge that the note was for family supplies or maintenance." The answer of the trustee admits the fifth paragraph of the bill, which states that he had between four and five thousand dollars, in money, in his hands belonging to said trust estate. The answer of husband and wife states that the said note was given without the husband's knowledge.

The complainant not being able to amend his bill, as required by the chancellor, it was dismissed for want of equity.

R. CRAWFORD, for appellant.—1. The deed does not vest in Mrs. McGee a separate estate, under the Code of Alabama—1st. Because the husband is trustee for the wife, and does not enjoy the profits of the estate.—Rev. Code, § 2372. 2d. The property can not be conveyed by them jointly, by instrument of writing attested by two witnesses.—Rev. Code, § 2373. 3d. The proceeds of the sale of any property can not be used by the husband, even in such manner as is most beneficial for the wife.—Rev. Code, 2374. 4th. The husband has no power to receive the property coming to the wife, but the trustee, Kirksey, alone.—Rev. Code, § 2375. 5th. In case Mrs. McGee should die intestate, the property goes to her heirs-at-law, which would be in the course prescribed in Part 2, Title IV, Chapter 1, page 416, Revised Code ; whereas, if it were her separate estate under the Code, McGee, the husband, is entitled to one-half of the personalty of such separate estate absolutely, and to the use of the realty during his life.—Rev. Code, § 2379 ; see, also, Cowles and Wife v. Morgan, 34 Ala. 535.

2. As a general rule, a person can not hold a valuable beneficial interest in property which can not be subjected, either at law or in equity, to the payment of his debts.— Rugely & Harrison v. Robinson, 10 Ala. 731. The intervention of a trustee does not protect the property, since equity considers the cestui que trust as the real owner, and the

trustee as a mere man of straw.—*Lamb v. Wrigg & Stewart*, 8 Porter, 82.

3. There is nothing in the expression, "for her support and maintenance," which can prevent a court of equity from selling the property. Such effect has been allowed to the words, where the property was given to the wife, without other words of exclusion of the husband's rights; and not in cases where the attempt was to subject the wife's interest.—*Rugely & Harrison v. Robinson, supra; Spear v. Walkley*, 10 Ala. 328; *Jasper v. Howard*, 12 Ala. 652. The case of *Hill v. McRae*, (27 Ala. 181,) is very unlike the case at bar. There the trustee was to retain the possession of the property, and apply a portion of the profits to the reasonable support of the beneficiaries; here, the property itself is given.

4. Trust property is liable to be disposed of by operation of law *in invitum*, like any other property, although indirectly the purposes of the trust may thereby be defeated. 2 Story's Eq. Jur. § 974, citing a case in point; *Greene v. Spear*, 1 Russell & Mylne, 395; *Graves v. Dolphin*, 1 Simons, 66. See particularly *Robertson & Fettibone v. Johnston*, (36 Ala. 107,) re-affirming *Rugely & Harrison v. Robinson*, (10 Ala. 902,) and principle further illustrated in case in point in 17th Ala. 617—*McCroan, Trustee, v. Pope et al*. See, also, *Young v. Kinebrew; Sprague v. Tyson*, January term, 1870.

5. A *feme covert* having a separate estate under deed, giving her note, intends thereby to charge her separate personal estate.—40 Ala. 572; *Gunter v. Williams and Wife*, 20 Ala. 332; *Ozley v. Ikelheimer*, 20 Ala. 229; *Blevins v. Buck*, 13 B. Monroe, 381. In 19 Ala. 146, it is ruled, that the intention of the parties to the instrument must govern. Consider herein—1st. All the property was Mrs. McGee's; 2d. She could dispose of it by will; 3d. In case she made no will, it was to go to her heirs; 4th. It could not be sold or disposed of unless she joined, and it could not be subjected to his engagements, &c.; 5th. In the event of McGee's death, the trust was at an end.

The requisition that the three together only could sell or

dispose of the property, is not inconsistent with the idea that it was her separate estate.

Again—Any keeping, retaining, or possessing by McGee must be construed to mean for the use of the wife.

Again—In the construction of deeds, if there are two clauses which are inconsistent and irreconcilable with each other, the last must give way to the first.—19 Ala. R. 634; 2 Story's Eq. Jur. 1394.

6. The words, " for the sole and separate use and maintenance of her and her children," do not manifest an intention to limit the quantity of her interest, but merely to show the motive of the settlement.—*McCroan v. Pope et al.* 17 Ala. 612.

JOHN G. PIERCE, and WM. P. WEBB, *contra.*

PECK, C. J.—1. I think it very clear, that the separate estate of Mrs. McGee in this property is not a statutory separate estate. The husband has none of the rights and privileges to which a husband is entitled, when the wife has what is called a separate estate under the Revised Code, or the statutes on this subject in existence at the time said Code was made.—*Cowles et ux. v. Morgan,* 34 Ala. 535. Her separate estate is created by the said ante-nuptial deed, and her rights and liabilities depend upon, and must be determined by it; in other words, it is a common law separate estate, and consequently may be charged with the payment of her debts in a court of equity.

2. If a *feme covert*, having a separate estate by an ante-nuptial settlement, after her marriage, enters into a bond, jointly with her husband, for the payment of her own debt, chancery will subject such separate estate to its payment, although nothing is said in the bond, directly, making the debt a charge upon the separate estate.—*Forrest et ux. v. Robinson, ex'r,* 4 Porter, 44, decided in 1836. The principle of that case has uniformly been recognized as the rule of decision in this court, from that time to the present. *Bradford et ux. v. Greenway, Henry and Smith,* 17 Ala. 797 ; *Collins v. Rudolph,* 19 Ala. 616 ; *Collins v. Lavenburgh & Co.;*

*ib.* 682; *Cowles et ux. v. Morgan,* 34 Ala. 535; *Gunter v. Williams et ux.* 40 Ala. 561.

In the case of *Forrest et ux. v. Robinson, ex'r, supra,* as in this, the property embraced in the ante-nuptial settlement was the property of the wife before the marriage. In such a case, it would be inequitable to permit her to settle her property to her separate use, for the support and maintenance of her intended husband and herself, and such children as they might have, in such manner as to withdraw and exempt it from the payment of her own debts, unless contracted for the support of the family. The chancellor, therefore, was mistaken in supposing it was necessary to be stated in the bill that the note was given for " family supplies or maintenance." And in the case made by the bill and answers, the note should have been decreed to be paid by the trustee, out of moneys in his hands belonging to the said trust estate.

Let the decree be reversed, at the costs of the appellees, to be paid by the trustee out of the moneys in his hands belonging to said trust estate, and the cause remanded for further proceedings in conformity with this opinion.