## HILL *vs.* SMITH ET AL.

[ACTION ON PROMISSORY NOTE—NON-SUIT.]

1. *Evidence, exclusion of; what presumption will be made as to rightfulness of.* The evidence must be confined to the issue or issues made on the trial; and when the record fails to show what issue was joined between the parties, it will not be presumed that there was an issue which forbid the exclusion of testimony apparently irrelevant.
2. *Charges of court; what presumptions will be indulged in to uphold.*—The charges of the court must be confined to the issues and the evidence before the jury on the trial; and where the record fails to show what the

issues were, and all the testimony is set out in the bill of exceptions, this court will not presume that there was not an issue to which the charges were applicable, if the evidence tends to support the charges, when the appellant comes here to set aside a non-suit taken in the court below.

APPEAL from the Circuit Court of Marengo.
Tried before Hon. L. R. SMITH.

The opinion states the case.

WALLER & PITTMAN, for appellant.
J. T. JONES, contra.

PETERS, J.—The transcript of the record does not show upon what plea or pleas the parties went to trial in the court below. The judgment recites: "This day came the parties, by their attorneys, and also came a jury of good and lawful men, who being duly sworn well and truly to try the issue joined between the parties, upon their oaths do say, they find said issue in favor of the defendants." Upon this verdict judgment was entered for the defendants for costs against the plaintiff. It appears that there was a bill of exceptions taken by the plaintiff on the trial. From this, it is shown that the plaintiff "took a non-suit" in the court below. But it no where appears what plea or pleas were interposed by the defendants. The suit is founded upon a promissory note in the following words:

"2,955. Demopolis, February 10, 1863.

"Twelve months after date we promise to pay, with interest from date, to the order of Susan Hill, administratrix, or order, twenty-nine hundred and fifty-five dollars, value received. Negotiable and payable at Greensboro Insurance Company.

(Signed) "JOHN W. SMITH,
"JOHN DAUGHDRILL,
"ALF. BREITLING."

This note was indorsed by Susan Hill, and the plaintiff, F. F. Hill, avers in his complaint that he "is the legal

owner of the same." The plaintiff read the note to the jury, and "rested his case." The defendants then offered evidence tending to show that this note was given for two slaves "purchased from Susan Hill, as administratrix, at public auction, said property having been sold under an order of court on the day the note bears date, in Demopolis, Marengo county, Alabama." It was also shown, without objection, that at the time of said sale said slaves "had no market value in lawful money of the United States." The plaintiff then attempted to show, by evidence, what was "the relative value of Confederate money and gold coin of the United States, and at what rates it could be exchanged therefor." This evidence, on objection of the defendants, the court rejected, and plaintiffs excepted. The ages of the slaves were proven; and the bill of exceptions recites, that this was "all the evidence before the court." But I have stated the testimony more in substance than in detail. Upon this evidence, the court charged the jury—

"1. That if they believed the plaintiff had proven what was the market value of the slaves, which were the consideration of the note sued on, in lawful money of the United States, they should find for the plaintiff, and assess the damages at the amount so found to have been their value in lawful money of the United States.

"2. That if the jury believed that the plaintiff had failed to prove what was the market value of said slaves in lawful money, or failed to prove that said slaves had any market value in lawful money of the United States at the date of said note, then they should find for the defendants."

These charges were excepted to by the plaintiff. The plaintiff then moved the court to give two charges, the first of which was as follows: "1. That if the jury believed the evidence, they should find for the plaintiff and assess the damages at the amount of the principal of said note, with interest thereon." This was refused, and the plaintiff again excepted. The other charge moved for by the plaintiff was abstract. There was no evidence before the jury that the

note was to be paid in Confederate money. It is, therefore, omitted.

A cause brought to this court must be disposed of here as it is made upon the record.

The relevancy or the irrelevancy of the evidence must depend upon the issue to be proven. This issue depends upon the answer made in the plea to the complaint, or the facts presented in the replication to the plea. Here, there is no plea set out in the record. It can not be said that the value of the Confederate money had anything to do with the case. It is unknown whether there was any issue involving such an inquiry or not. It is not to be presumed, against the judgment of the court, that there was such an issue made on the trial below. If, then, the evidence on this question was kept from the jury by the court, the record does not show that there was any issue which necessarily rendered such evidence relevant. It follows, therefore, that there was no error committed in excluding it.—1 Phill. Ev. (C. & H. and E.'s Notes,) pp. 732–3–4, (4 Am. ed., 1859.)

For a like reason, it can not be said that the charges of the court were wrong. For aught that appears from the record, there may have been an issue to which they were applicable. They did not transcend a possible state of facts which the evidence before the jury tended to prove. The consideration mentioned in the note is not conclusive. It may be impeached. It may appear to be valuable, yet it may turn out to be wholly worthless. In such case, the contract falls with it.—Rev. Code, § 2632; *Newton v. Jackson,* 23 Ala. 335; *Holt v. Robinson,* 21 Ala. 106; *Corbin v. Sistrunk,* 19 Ala. 203; *Long v. Davis,* 19 Ala. 801; 2 Kent, 623, (11th ed. by Comstock.) The evidence does not show that the payee in the note was the administratrix of the estate of any known decedent, or that the presumed sale was made by authority of any known court. Such evidence is worthless for any purpose in this case. What evidence there was tends to support the charges of the court, that the consideration of the note was worthless and had wholly failed. It was admitted without objection. The

withdrawal of the case from the jury by a non-suit was equivalent to an admission that it was true. If it was true, the consideration of the note had wholly failed, and the plaintiff could not recover. This being so, the action of the court, as shown by the record, was not erroneous.

The judgment of the court below is affirmed.