## COLLINS *et al. vs.* RUDOLPH.

1. An acknowledgment in writing by a married woman that an account for medical services, which is made out against her individually, is just and correct, is tantamount to an express promise in writing to pay, and creates a charge upon her separate estate.

ERROR to the Chancery Court of Lowndes. Tried before the Hon. J. W. Lesesne.

JUDGE, for plaintiffs in error.

STONE, *contra*.

DARGAN, C. J.—The only difference between this case and the case of Lovenbury & Co. v. Collins, decided at the present term, consists in this, in that case the bill sought to subject the separate estate of Mrs. Collins to the payment of a promissory note; whilst in this, the complainant's demand consists of a medical account made out against Mrs. Collins, which she under her hand acknowledged to be just and correct. In this State, we have followed the English rule, that a married woman is to be considered as a *feme sole* as respects her separate estate, and may dispose of it as she pleases, unless the instrument through which she claims imposes limitations or restrictions upon her power of disposition.—Bradford v. Greenway et al., 17 Ala.

797; Forrest v. Robinson, 4 Por. 44. It would seem to me to follow as a necessary consequence from this rule, that all the debts of a married woman should create a charge upon her sep-arate estate, as well those where the promise to pay is implied by law, as those evinced by bond, note, or bill of exchange; and this seems to be the tendency of the modern English doctrine.—Owen v. Dickinson, 1 Craig & Phillips, 48, and also Prater's Law of Hus. & Wife, 109.

It is not, however, necessary to decide in this case, that the contracts of the wife where the promise to pay is to be implied by law, would create a charge on her separate property, for we consider the acknowledgment by Mrs. Collins under her signature, that the account was just and correct, tantamount to an express promise in writing to pay, and consequently as creating a proper charge upon her separate estate. In the case of Murray v. Barlee, 3 My. & Keene, 209, a solicitor was employed by a married woman to attend to various transactions, and she by letter promised to pay, but made no reference to her separate estate, yet it was held that her separate estate was liable to pay the bill. Now, in the case before us, the account was made out against Mrs. Collins, thus : "Mrs. Louisa Collins Dr. to B. B. Rudolph, for medical services during the year 1845"—then stating the amount. At the foot of this account Mrs. Collins writes, "this account is just and correct," and subscribes her name. She therefore acknowledged her indebtedness, and of course her liability to pay, so far as a married woman can cre-ate a liability, and as she only has capacity to bind her separate estate, we must infer that she so intended, just as fully as if she had executed her promissory note for the amount. Indeed, I think no distinction can be drawn between this demand and a promissory note; that is, no good reason can be shown why the promissory note of a married woman should create a charge on her separate estate, and yet that this demand should not. We think they must stand on the same footing, and all the English authorities, as well as the decisions of our own court, show that the promissory note of a married woman will constitute a charge upon her separate estate, although no reference be made in the instrument itself to her separate property.— See Roper on Hus. & Wife, 235-38; 2 Story's Eq. 840, § 1398, and cases referred to in the Note; Clancy on Mar. Women, 340.

Let the decree be reversed and the cause remanded.