### WILLIAM H. ANDREWS v. JAMES JONES et ux.

1. HUSBAND AND WIFE: WIFE'S DISPOSITION OF HER SEPARATE ESTATE.—The provisions of the statutes of 1839 and 1846, which empower a *feme covert* to dispose of her separate estate, in the mode therein prescribed, do not apply to a case where the wife did not acquire her separate estate under those acts.

2. SAME.—A *feme covert*, as regards the disposition of her separate estate held under a deed, is a *feme sole*, only so far as she has been made so by the instrument creating it. *Doty* v. *Mitchel*, 9 S. & M. 435.

3. SAME.—By the law of Louisiana, a *feme covert* cannot bind her separate estate jointly with her husband, either for the payment of his debt or the joint debt of the husband and wife, unless the debt was contracted for the protection of their joint property.

APPEAL from the District Chancery Court at Mississippi City. Hon. B. C. Buckley, vice-chancellor.

*Champlin* and *Adams*, and *J. C. Wronet*, for appellant.

*S. Blanton Pierce*, for appellee.

FISHER, J., delivered the opinion of the court.

The complainant filed this bill in the court below, for the purpose of foreclosing a mortgage executed by Jones and wife, upon two slaves of the wife, to secure certain promissory notes executed to

the complainant. The fact is clearly established that the slaves were the separate property of the wife, in virtue of a marriage contract entered into between her and her husband in the State of Louisiana, in the year 1841. This instrument confers upon the wife no power whatever to bind her property for debts contracted by the husband; on the contrary, the negative if not clearly expressed, would seem to be implied. The title of the wife not originating under the provisions either of the statute of 1839, or of 1846, in regard to property owned by *femes covert*, those statutes can have no bearing whatever upon the case, and hence, we must look either to the rules of equity applicable to such a case, or to the law of Louisiana, where the contract was made, for a rule to guide us in our decision. The rule as declared by this court in the case of *Doty* v. *Mitchell*, 9 S. & M. 435, is that the wife is to be regarded as a *feme sole* in regard to the disposition of her separate estate, only so far as she has been made so by the instrument creating the estate. This is decisive of the question if governed by the rules of equity bearing on the subject. The case is no less clear if we look to the law of Louisiana. The wife cannot bind her estate jointly with her husband either for his debt or for the joint debt of the husband and wife, unless it be shown that the debt was contracted in some manner for the protection of their joint property. The mortgage recites this as the debt of the husband, and that the wife's slaves were pledged for its security. This being the attitude of the case, it is our opinion from the examination which we have made of the Louisiana law, that the bill cannot be maintained.

Decree affirmed.