## GUNN *vs.* SAMUEL'S ADM'R.

[BILL IN EQUITY BY CREDITOR AGAINST ADMINISTRATOR OF DECEASED WIFE.]

1. *Liability of wife's separate estate for necessaries furnished to herself and family.*—A married woman, owning a separate estate created by deed, may charge it, by contract express or implied, with the payment of necessary medical services rendered to her and the family; but, where it appears that the physician was called in by the husband, and it is not shown that the wife authorized or assented to his employment on the credit of her separate estate, the debt imposes a legal liability on the husband alone, although he was insolvent at the time; and the fact that the wife, during her last illness, requested her husband and children to pay the debt, is not sufficient to charge her separate estate with its payment.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by James M. Gunn, the appellant, against the administrator of Mrs. Sarah A. Samuel, deceased, her husband, and their children; and sought to subject Mrs. Samuel's separate estate to the payment of an account for medical services rendered by the complainant to her and her family during her life-time. The account embraced a period of six years, commencing in 1846, and ending in January, 1852, when Mrs. Samuel died; and contained items for medicines and services furnished and rendered to Mrs. Samuel, her children, and her slaves. Mrs. Samuel's separate estate, consisting entirely of slaves, was held under a deed of gift from her father, executed in April, 1838, which conveyed the slaves to trustees for the sole use and benefit of her and her children. The trustees appointed by the deed did not act in the matter, but Mr. Samuel controlled and managed the slaves as the acting trustee. The bill alleged, that Mr. Samuel was insolvent during the time the account was being contracted; that the plaintiff was called in at the instance of Mrs. Samuel, and that the services were rendered on the faith and credit of her separate estate. Decrees *pro confesso* were entered against Mr. Samuel and the adminis-

14

trator of Mrs. Samuel; but answers were filed on behalf
of the children, denying the liability of the separate estate
to the complainant's demand, and requiring proof of the
allegations of the bill. The testimony showed that the
plaintiff was called in to attend Mrs. Samuel, her chil-
dren and slaves, while sick, by Mr. Samuel, who was then
and continued to be insolvent; and that Mrs. Samuel,
during her last illness, requested her husband and chil-
dren to sell one of the slaves, for the purpose of paying
the plaintiff's account. On final hearing, on pleadings
and proof, the chancellor dismissed the bill; and his decree
is now assigned as error.

GEO. W. GUNN, and J. FALKNER, for the appellant.

BROCK & PRESLEY, contra.

STONE, J.—If this record presented the case of a con-
tract by Mrs. Samuel, either express or implied, to pay Dr.
Gunn for his services, he would be entitled to recover in
this proceeding what seems to be a just demand in favor of
Dr. Gunn.—Walker and Wife v. Smith, 28 Ala. R. 569;
Collins v. Rudolph, 19 Ala. R. 616; Colvin v. Currier,
22 Barbour, 371.

The proof, however, clearly shows, that Mr. Samuel, the
husband, employed and called in Dr. Gunn; and there is
no evidence that Mrs. Samuel was at all consulted, or
gave any authority or assent that he should be employed
on the faith or credit of her separate estate. It being the
legal, as well as moral duty of the husband, to supply
proper medical assistance to his sick wife, it is manifest
that a legal liability rests on Mr. Samuel to pay the med-
ical bill of Dr. Gunn.—See Cothran v. Lee, 24 Ala. 380;
Zeigler v. David, 23 Ala. 127; 2 Bright on H. & W. 5, 6,
7, 8, 10; 1 Parsons on Con. 253, et seq.; ib. 286, et seq.
The declaration of Mrs. Samuel, made to her father during
her last illness, did not impose on her an original liability,
or render her separate estate responsible for the debt of
another. We have found no case which would authorize
the relief sought by this bill.

The decree of the chancellor is affirmed.