. ALEXANDER *vs.* SAULSBURY.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

*Validity of sale, by wife alone, of statutory separate estate; whether action lies to recover agreed price.*—A sale by the wife alone, without the concurrence of her husband, of property belonging to her statutory separate estate, is absolutely void, and passes nothing to the purchaser; and the wife cannot maintain an action at law, in her own name, to recover the value or agreed price of the property.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JNO. GILL SHORTER.

THE complaint in this case was in the following words:

"Mary S. Saulsbury } The plaintiff claims of the defend-
       *vs.*          } ant fifty-six 95-100 dollars, due by
Ezekiel Alexander. } account for goods and merchandize
furnished by plaintiff to defendant, at his instance and request; which account was payable on the 1st January, 1854, with interest thereon. The plaintiff avers, that, at the time of the purchase of said goods and merchandize from her by the defendant, and at the commencement of this suit, she (the said plaintiff) was a married woman, and had a separate estate secured to her separate use by virtue of a statute, passed by the legislature of Alabama, commonly called 'the woman's law;' and that said goods and merchandize, so furnished to defendant at his instance, were a part of her said separate estate."

The defendant demurred to the complaint, on the following grounds : "1st, because, on the facts stated in the complaint, the plaintiff has no right to maintain this action: in her own name ; 2d, because, on the facts stated in said complaint, the plaintiff's husband should have been joined as co-plaintiff with her ; and, 3d, because the facts stated fail to show such separate estate as will authorize the maintenance of this suit by her alone." The overruling of the demurrer, with other matters which require no particular notice, is now assigned as error.

E. C. BULLOCK, for appellant, cited *Pickens v. Oliver,* 29 Ala. 532 ; and *Gibbons v. Marquis, ib.* 672.

GOLDTHWAITE, RICE & SEMPLE, contra, cited *High v. Worley,* 33 Ala. 196 ; *Saunders v. Garrett,* 33 Ala. 454 ; *Smyth v. Oliver,* 31 Ala. 39 ; *Drake v. Glover,* 30 Ala. 382 : and *Duncan v. Stewart,* 25 Ala. 408.

R. W. WALKER, J.—A married woman, having a statutory separate estate, sells and delivers to the purchaser a portion, of the same, without the concurrence of her husband ; can she, by suit upon the contract, in her own name, recover of the purchaser the value, or agreed price of the property ?: Our opinion is, that this question must be answered in the negative.

Section 2131 of the Code provides, that "husband and wife must be joined, either as plaintiffs or defendants, when the wife has an interest in the subject-matter of the suit, unless the suit relate to her separate estate, when she must sue or be sued alone." The effect of this section was very carefully considered by the court, in *Pickens v. Oliver* (29 Ala. 528) ; and it was there held, that the rule established by the latter clause of this section, "must be confined to suits for the *corpus* of the property, and for damages to the property itself, as distinguished from its use." This is clearly not a suit "for damages to the property" constituting the wife's separate estate. If it can be maintained at all, it

must be upon the ground, that it is a suit for the *corpus* of the property. Although all the property of the wife, held by her previous to her marriage, or which she may become entitled to after her marriage, in any manner, is her separate estate, and is not subject to her husband's debts; yet all such separate estate "vests in the husband, as her trustee, who has the right to manage and control the same, and is not required to account for the rents, income or profits, to the wife, her heirs, or legal representatives."—Code, § 1983. Thus it will be seen, that the *corpus* of the property belongs to the wife, while the right to control and manage the same, free from accountability for the rents, income, or profits, is vested in the husband. Section 1984 provides, that "the property of the wife, or any part thereof, may be sold by the husband and wife, and conveyed by them jointly, by instrument of writing, attested by two witnesses." This provision is obviously restrictive of the right of disposition, and was doubtless intended to prohibit the sale of the wife's property, except such as might be made by the husband and wife.—*Smyth v. Oliver*, 31 Ala. 43. See, also, *Whitman v. Abernathy*, 33 Ala. 159; *Rogers v. Boyd*, 33 Ala. 175; *Drake v. Glover*, 30 Ala. 389. We think, therefore, that a transfer of her statutory separate estate by the wife, without the concurrence of her husband, in the manner provided by the statute, is, in a court of law at least, absolutely void, and passes nothing to the purchaser.—See *Smith v. Plower*, 15 East, 607. The title to the property so transferred is in nowise affected thereby, and the property remains, as before, the separate estate of the wife.

By the common law, a married woman can neither sue nor be sued alone, and all contracts made by her are void. 1 Parsons on Con. 286. These disabilities of coverture the Code modifies, but does not destroy. Beyond its express provisions, married momen are no more *sui juris* than they were before its adoption.—*Pickens v. Oliver*, 29 Ala. 528. Hence it follows, (so far, at least, as a court of law is concerned,) that a married woman has no legal capacity to contract in relation to her separate estate, except for the

purpose, and in the manner, provided by the statute; and as a sale of such separate estate, made by the wife alone, without the concurrence of the husband, is unauthorized by the statute, every such contract of sale is void ; and being void, it can form no foundation for a suit at law in the name of the wife.

It will not do to say, that a married woman, having a separate estate, is capable of electing to have either the property sold, or the value or agreed price thereof; and that, on her electing to receive or sue for such value or agreed price, it becomes her separate estate, in lieu of the property sold, which she is, by such election, estopped from ever claiming thereafter. If this be so, of what avail would be the provisions of the statute, that the husband shall manage and control the estate, and receive the profits without liability to account to the wife, her heirs, or representatives ; and that no part of the property shall be sold without his concurrence ? If we are to yield obedience to the statute, we must hold, (whenever, at least, the question arises in a court of law,) that a married woman is incapable, by any independent act or contract of hers, of *converting the corpus* of her separate estate.

It is true that, in the case of a wrong-doer selling property without title, the purchaser, while he holds under a contract of sale, cannot resist the payment of the purchase-money.—*Duncan v. Stewart*, 25 Ala. 413. But it never was understood, that a person, by contracting with a married woman, admitted her right to sue in *her own name* on the contract, or precluded himself from pleading her coverture in bar of such a suit. On the contrary, the rule of the common law is, that if the wife sell any thing, her husband alone has the right to recover the price.—1 Parsons on Contracts, 286-7.

As the rulings of the circuit court were in conflict with these views, the judgment must be reversed, and the cause remanded.