## WARFIELD vs. RAVESIES AND WIFE.

[BILL IN EQUITY TO SUBJECT WIFE'S SEPARATE ESTATE TO PAYMENT OF NOTE.]

1. *Statutory separate estate of wife; how conveyed or charged.*—The separate estate of a married woman, held under the provisions of the Code, can only be conveyed by her and her husband jointly, by instrument of writing attested by two witnesses, (§ 1987,) and cannot be subjected in equity to the payment of her debts or contracts; and, by virtue of section 1997, the same principle applies to property held by her under the acts of 1848 and 1850, where the debt or contract has been incurred or entered into since the 17th January, 1853, when the Code became operative.

2. *Constitutionality of law regulating conveyances.*—Section 1997 of the Code, so far as it requires conveyances of property held by the wife under the acts of 1848 and 1850 to conform to the provisions of the Code, is not violative of any constitutional provision.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed, on the 30th April, 1858, by Hazael Warfield, against Paul Ravesies and Virginia, his wife; and sought to subject the statutory separate estate of Mrs. Ravesies to the payment of a promissory note, executed by her and her said husband, dated December 15, 1856, payable, four months after date, to Daniels, Elgin & Co. or order, and endorsed by them to the complainant. The note was given partly for goods sold and delivered between the 8th June, 1853, and the 14th April, 1855, and partly for debts owing by Paul Ravesies alone.

The defendants were married on the 2d March, 1848 ; and the property of Mrs. Ravesies, consisting of land and slaves, belonged to her at that time. On final hearing, on pleadings and proof, the chancellor dismissed the bill ; and his decree is now assigned as error.

L. S. LUDE, for appellant.—1. It has been expressly decided by this court, that the separate estate of a married woman, held under the act of 1848, may be sold, charged, or disposed of by her, without the consent or concurrence of her husband.—*Hooper's Executor v. Smith*, 23 Ala. 639.   As the property of Mrs. Ravesies was held under the act of 1848, and her marriage with her co-defendant took place prior to the passage of the Code or the act of 1850, the case must be governed by the act of 1848 ; and the case cited is conclusive of it.

2. The provisions of the Code, regulating the separate estates of married women, do not apply to separate estates held under former statutes.   Section 1997 of the Code, which attempts to give this retroactive effect to its provisions, is unconstitutional, because it impairs the obligation of contracts, and interferes with vested rights.   So far as rights of property are concerned, marriage is a contract within the meaning of the constitution ; and rights which have become vested by marriage, cannot be divested or affected by subsequent legislation.   On this principle rest the cases of *Kidd v. Montague*, (19 Ala. 619,) *Manning v. Manning*, (24 Ala. 387,) and *Willis v. Cadenhead*, (28 Ala. 474,) and similar decisions in other States sustain the principle.—See *Ponder v. Graham*, 4 Florida, 44 ; *Holmes v. Holmes*, 4 Barbour, 301.   Vested rights of property, acquired by virtue of a statute, cannot be divested or destroyed by a repeal or modification of the statute.—*People v. Supervisors of Westchester*, 4 Barbour, 70 ; 4 Barbour, 296 ;   10 Barbour, 244 ; *Norman v. Heist*, 5 Watts & Serg. 171 ; *Oriental Bank v. Freeze*, 18 Maine, (6 Shep.) 112 ; *Houston v. Bogle*, 10 Iredell, 504 ; *Wright v. Marsh*, 2 Iowa, 118.

3. Even if the provisions of the Code apply to the case, the complainant has a right to equitable relief. The general principle is recognized in this State, as elsewhere, that a married woman, owning a separate estate, without any restriction on her power to charge or dispose of it, may charge it with the payment of her husband's debts, or with any other contract or promise.—*Hooper v. Smith*, 23 Ala. 642 ; *Baker v. Gregory*, 28 Ala. 551 ; 17 Johns. 585 ; 3 Bro. C. C. 8 ; 9 Vesey, 369, 520. There is no provision in the Code, which expressly takes away this power to charge her estate in equity ; nor can any prohibition or restraint of that power be necessarily implied from the terms of section 1984. The Mississippi statute, under which were decided the cases cited for the appellee, expressly limited the mode of conveyance to the one specified in the statute.

Geo. N. Stewart, *contra.*—1. The complainant sues as assignee of the note, and not of the account which partly formed the consideration of the note; and the note is shown to be without consideration as to the wife, and to have been signed by her without full knowledge of the facts.

2. The bill does not allege that the goods were sold on the faith and credit of the wife's separate estate. But, even if they were so sold, and were suitable to her condition in life, the complainint had a complete remedy by action at law ; and, consequently, he cannot come into equity.

3. Section 1984 of the Code prescribes the form and requirements of conveyances of the wife's separate estate ; and that mode must be pursued. To allow her to charge her estate in equity, or a creditor to subject it to the payment of a debt, would permit that to be done indirectly which cannot be done directly. Similar statutory provisions, in other States, have been held restrictive of the wife's power of alienation.—*Frost v. Doyle*, 7 Sm. & Mar. 74 ; *Franklin v. Beatty*, 27 Miss. 347 ; *Andrews v. Jones*, 32 Miss. 274 ; *Ritter v. Ritter*, 31 Penn. St. R. 396 ; 5 Texas, 153.

4. Section 1984 of the Code is applicable to this case by the express provisions of section 1997. No constitutional provision is infringed by this latter section, which, so far as this case is concerned, simply changes the mode of conveying property—*Drake v. Glover*, 30 Ala. 389 ; 1 Kent's Com. 455.

STONE, J.—It is settled in this court, by a line of adjudication, too long to be now open to examination, that a married woman, having a separate estate secured to her by contract, can bind that separate estate for the payment of her promises and engagements, unless the instrument creating the estate contain some clause restrictive of her right of alienation, or of anticipation. The following decisions are to this effect: *McCroan v. Pope*, 17 Ala. 612 ; *Bradford v. Greenway, ib.* 797 ; *Collins v. Rudolph*, 19 Ala. 616 ; *Collins v. Lavenberg, ib.* 682 ; *Crocker v. Clements*, 23 Ala. 296 ; *Ozley v. Ikelheimer*, 26 Ala. 332 ; *Wells v. Bransford*, 28 Ala. 200 ; *Baker v. Gregory*, 28 Ala. 544 ; *Caldwell v. Sawyer*, 30 Ala. 283 ; *Gunn v. Samuel*, 33 Ala. 201; *Walker v. Smith*, 28 Ala. 569 ; *Cowles v. Morgan*, 34 Ala. 535. See, also, *Blood v. Humphrey*, 17 Barb. 660 ; *Yale v. Denver*, 21 Barb. 286 ; *Cook v. Brook, ib.* 546 ; *Dickinson v. Abraham, ib.* 551 ; *Bell v. Kelly*, 13 B. Mon. 381; *Fears v. Brooks*, 12 Ga. 195 ; *Butler v. Robinston*, 11 Texas, 142 ; *Armstrong v. Stovall*, 26 Miss. 275.

In the case of *Hooper v. Smith*, (23 Ala. 639,) it was decided by this court, that a married woman, having an estate secured to her under the act "securing to married women their separate estates, and for other purposes," approved March 1st, 1848, (Pamph. Acts, 79,) can assign and transfer that estate to another, without the concurrence or co-operation of her husband, or can charge it for the payment of her debts and contracts entered into during coverture. Property held by the wife under the act of 1848, is certainly her separate estate ; and that statute confers no interest on the husband, nor does it contain any clause restrictive of the power of alienation or anticipation. A

wife has power to charge an estate containing these prop-
erties, if it be secured to her by contract; and we can
perceive no good reason for laying down a different rule for
the government of estates to which the law has affixed the
same properties.—See *Southard v. Plummer*, 36 Maine,
64; *Southard v. Piper*, *ib.* 84; *Armstrong v. Stovall*,
26 Miss. 275; *Cummings' appeal*, 11 Penn. State R. 272;
*Goodyear v. Rumbaugh*, 13 *ib.* 480; *Patterson v. Robinson*,
15 *ib.* 81; *Manderback v. Mock*, 29 *ib.* 43; Purdon's Di-
gest, 570. See, also, *Key v. Vaughan*, 15 Ala. 500.

The case of *Blevins v. Buck*, (26 Ala. 292,) is not distin-
guishable in principle from the case of *Hooper v. Smith*,
*(supra,)* and is strongly confirmatory of its correctness.—
See act "to protect the rights of married women," in
Pamphlet Acts 1845–6, p. 23.

Estates held under the act "To alter and amend an act
securing to married women their separate estates and for
other purposes," approved February 13, 1850, (Pamphlet
Acts, 63,) and under the Code, (§§ 1982 and 1983,) stand
on a different footing. Estates thus secured vest in the
husband as trustee, who has the right to manage and con-
trol the same, and is not required to account with the wife,
her heirs, or legal representatives, for the rents, income, or
profits thereof.—Act of 1850, § 3; Code, § 1983. The
act of 1850 (§ 5) provides, that property thus held "may be
sold and conveyed by the joint deed of husband and wife;
such deed to be executed, proved, and recorded, in accord-
ance with the requirements of the laws now in force regu-
lating conveyances of real estate." The Code provides,
that the property of the wife, or any part thereof, may be
sold by the husband and wife, and conveyed by them jointly,
by instrument of writing attested by two witnesses.—Code,
§ 1984. The change in the mode of conveyance effected
by the Code, does not materially modify or impair the prop-
erty-rights of either husband or wife, as secured by the act
of 1850; and, consequently, sales or conveyances of prop-
erty held under the act of 1850, made after the Code be-
came operative, should conform to the rule prescribed by

the Code.—§ 1997 ; *Whitman v. Abernathy*, 33 Ala. 154.

Property held by the wife, either under the act of 1850, or under the Code, can not be said to be the separate estate of the wife in its broadest sense. The following are the arguments in support of this proposition :

*First :* The law points out the mode for the sale and conveyance of such estate ; and although there is nothing in either statute which is positively restrictive of other modes of conveyance, still the civil disabilities under which the wife labored at common law, and the utter inutility of the clause if we give it any other construction, induce us to regard this as an ᵉnabling clause, which, to effect a conveyance of title, must be conformed to.— *Whitman v. Abernathy, supra ; Greenwood v. Coleman*, 34 Ala. 150 ; *Ikelheimer v. Chapman*, 32 Ala. 676 ; *Peck v. Ward*, 18 Penn. State R. 506 ; *Mahon v. Gormly*, 24 *ib.* 82 ; *Ritter v. Ritter*, 31 *ib.* 396 ; *Hcugh v. Jones*, 32 *ib.* 432 ; *Petit v. Fretz*, 33 *ib.* 118.—See, also, *Frost v. Doyle*, 7 Sm. & M. 74 ; *Berry v. Bland, ib.* 83 ; *Waul v. Kirkman*, 25 Miss. 619 ; *Franklin v. Beatty*, 27 Miss. 347 ; *Andrews v. Jones*, 32 Miss. 274 ; *Metcalf v. Cook*, 2 R. I. 355 ; *Miller v. Williamson*, 5 *Md.* 235 ; *Tarr v. Williams*, 4 Md. Ch. Dec. 68 ; *Williams v. Donaldson, ib.* 414 ; *Bailey v. Pearson*, 9 Foster, 77 ; *Cartright v. Hollis*, 5 Texas, 153.

*Secondly :* The act of 1850, and the Code, give to the husband the right to manage and control the property of the wife, without liability to account with the wife, her heirs, or legal representatives, for the rents, income, or profits thereof. We have repeatedly held—too often for the subject now to be open to controversy—that, under this clause, the husband becomes the owner of the rents, income, and profits of the wife's estate.— *Weems v. Bryan*, 21 Ala. 302 ; *S. C.*, 25 Ala. 195 ; *Andrews v. Huckabee*, 30 Ala. 152 ; *Pickens v. Oliver*, 29 Ala. 528 ; *Whitman v. Abernathy*, 33 Ala. 160 ; *Rogers v. Boyd*, 33 Ala. 181 ; *Smyth v. Oliver*, 31 Ala. 39 ; *Cowles v. Morgan*, 34 Ala. 535 ; *Boaz v. Boaz*, 36 Ala. 334 ; *Alexander v. Saulsbury*, 37 Ala. 375 ; *Patterson v. Flanagan*, 37 Ala. 513 ; *Bennett v. Bennett*, 34 Ala. 53.

In the case of *Boaz v. Boaz*, (*supra*,) we said, "The legislature, in making the exemption from liability for the husband's debts, certainly did not look alone to his benefit. * * * The husband, therefore, holds the property as trustee, and is entitled to the income, merely because he is not required to account for it as trustee." We further said, the income is given to the husband, in order that he may, out of it, support the wife and children, &c. In that case, the husband had permanently abandoned the wife; and he was removed from the trust, because he had placed himself in a condition in which he could not properly administer the income and profits for the maintenance of the family.—See, also, *Patterson v. Flanagan, supra.*

In the case of *Boaz v. Boaz*, we did not overturn our former decisions, in which we had held that the husband was the owner of the rents, income, and profits. We simply charged his conscience with the execution of a duty, and ruled that, for placing himself in a condition in which he could not faithfully discharge it, he should be removed from the trust. This is, perhaps, the only coercive power which the courts could exert upon him in such a case.

The plain sequence of what we have said is, that, as to the estate of a married woman, held under the Code, or under the act of 1850, she does not possess an unlimited power of disposition, nor does she have the sole and exclusive use and benefit. The husband, so long as he remains her trustee, has a valuable vested interest, which must, and does, operate a restraint upon her power of alienation, or of present enjoyment by anticipation.—2 Bright on H. & W. 241 ; *Lee v. Muggeridge*, 1 Ves. & B. 118 ; *Ware v. Sharp*, 1 Swan, 489 ; *Baker v. Bradley*, 35 Eng. Law & Eq. 449 ; *Morgan v. Elam*, 4 Yerger, 375.

We hold, that a married woman, having an estate secured to her under the act of 1850, or under the Code, so long as her husband continues her trustee, cannot convey or charge her estate, unless she conform to the requirements of the statute.—Act of 1850, § 5 ; Code, § 1984.—See *James v. Fisk*, 9 Sm. & M. 144.

Mrs. Ravesies was married to her co-defendant on the 2d of March, 1848, and owned her property at the time of her marriage.   The debt, which is sought to be fastened on her property, was contracted after the Code went into operation.   Under these circumstances, the question may be asked, is her extent of ownership over the income and profits of her property to be determined by the act of 1848, or by the Code ?   Section 1997 of the Code declares, that "the provisions of this article take effect, and are operative on the estates of all married women, who have been married, or who have received property by descent, gift, or otherwise, since the first of March, one thousand eight hundred and forty-eight."   We have several times quoted this provision of the Code, in considering questions arising under the statutes we are construing ; but never has this question been considered by us, in any case which required its decision, except, perhaps, the case of *Weems v. Bryan*, 21 Ala. 302 ; and in that case, the principle was rather taken for granted, than considered.—See, also, *Rogers v. Boyd*, 33 Ala. 181.   We do not propose now to announce any opinion on this question, as its decision is not necessary to the result we attain on a question hereinafter noticed. See *Coosa River Steamboat Co. v. Barclay*, 30 Ala. 126 ; *Houston v. Bogle*, 10 Ired. 504 ; 1 Kent Com., marg. p. 455 ; *People v. Supervisors*, 4 Barb. 75 ; *Holmes v. Holmes*, *ib.* 300 ; *Norman v. Heist*, 5 Watts & S. 172 ; *Wright v. Marsh*, 2 ( Iowa,) G. Green, 113 ; *Drake v. Glover*, 30 Ala. 382 ; *Boyd v. Harrison*, 36 Ala. 533 ; *Height v. Read*, 18 Barb. 165 ; *Peck v. Walton*, 26 Vermont, 86 ; *Blanchard v. Cumberland*, 18 Maine, 112.

Had the legislature the power to change the form of conveyance ?   In the case of *Drake v. Glover*, ( 30 Ala. 389,) we said, "It is unquestionably the law, that whatever title Mrs. Drake may have acquired in Louisiana, while she and her husband were domiciled in that State, would be unimpaired by the change of the matrimonial domicile, and the removal of the property to this State.   *But the mode of conveying the property, after its removal and the change of*

*domicile to this State, must be governed by the laws of this State, and not by the laws of Louisiana.*" It follows from the language we have italicized, that the "mode of conveyance" is not one of the rights secured by the contract, which legislation cannot impair or change.

In Vermont, the legislature enacted, that in order to convey "the rents, issues, or profits of, or any interest the husband may have in the real estate of the wife,   \*   \*   \*   \* the deed shall be executed by the wife jointly with the husband, and acknowledged by her," &c. The question arose in the case of *Peck v. Walton*, (26 Ver. 86,) whether this statute could operate on lands previously held by the wife, the marriage having been solemnized before the statute was passed. The court decided, that the statute did so operate, holding the following language : "But we do not regard this statute as having deprived the husband of any rights, which were not clearly subject to the control of the legislature. The husband is not, in any sense, deprived of the estate which he might have in any of his wife's property, or of the right to any estate in her prospective acquisitions. The statute only provides a special mode of conveying this particular estate ; and of this no man can complain. The legislature may, at all times, prescribe the mode of conveying property, and especially real property."—See, also, *Oriental Bank v. Freeze*, 18 Maine, 112 ; *Potier v. Prejian*, 7 La. 301 ; *Foster v. Essex Bank*, 16 Mass. 270.

Without deciding, therefore, whether or not Mrs. Ravesies, under the operation of the act of 1850, and of the Code, has ceased to be the absolute owner of her estate and its income and profits, still the Code so far modifies the form of conveyance, as that, since it went into operation, she cannot charge it by any contract wanting the formalities therein prescribed.

The decree of the chancellor is affirmed.