WINTER ET AL. *vs.* QUARLES' ADM'RS.

[BILL IN EQUITY TO SUBJECT SEPARATE ESTATE OF A MARRIED WOMAN TO PAYMENT OF A PROMISSORY NOTE MADE BY HER, AND ENDORSED BY HER, AND BY HER HUSBAND AND TRUSTEE.]

1. *Original and amended bills; what must be.*—The original and amended

bills form but one suit, and the grounds of relief must be consistent throughout the whole.

2. *Bill in chancery to subject separate estate of married woman; what it should disclose.*—A bill in chancery against a married woman and her husband, for the purpose of charging her separate estate for the payment of a note made by her, payable to her own order, and endorsed by her, her husband, and her husband as trustee, to a third person, should disclose whether the estate thus sought to be condemned has been created by statute or otherwise.

3. *Bill in chancery; omission to do what, renders demurrable.*—A bill in chancery, or an amended bill, is demurrable, if it omits the "note in writing at the bottom of the bill," as required by the 10th rule of chancery practice.

4. *Amended bill; what must show; construction which will be put on bill filed against separate estate, which is silent as to the manner in which it is held.*—An amended bill in chancery must show a narrative of facts cognate to the facts set out in the original bill. An original bill which alleges that a married woman has a separate estate, without disclosing in what manner it is held, whether under the statute or not, will be construed to be held under the statute, upon the grounds that a pleading is to be taken most strongly against the pleader and in favor of the other party. And if such construction, in favor of a married woman, requires that her estate shall be held under the statute, it will be so made as to treat her estate as one held under the statute; since, generally, a separate estate held under the statute is more favorable to a married woman, than one held in a different manner.

5. *Original and amended bill; what variance between, is sufficient cause of demurrer.*—An amended bill, which shows that the title to a married woman's separate estate is one created by deed to a trustee, to hold for her benefit, for her life, with remainder to her children, is inconsistent and variant from a title by statute; and such inconsistency between the original and amended bills, is sufficient cause of demurrer.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. N. W. COCKE.

THE facts necessary to a determination of the case will be found in the opinion.

CHILTON & THORINGTON, for appellants.
WATTS & TROY, *contra.*

[No briefs came into reporter's hands.]

PETERS, J.—The orginal bill in this case was filed on the 4th day of May, 1868, in the chancery court for the 8th chancery district and southern chancery division of Ala-

bama, holden in the county of Montgomery, in this State. Samuel Quarles is the complainant, and Mrs. Mary E. Winter and Joseph S. Winter, her husband and trustee, are defendants. The bill alleges that Mrs. Winter is a married woman, and the wife of said Joseph S. Winter; that Mrs. Winter had, on the 22d November, 1854, made her promissory note for a certain sum of money, payable to her own order, at the Bank of Montgomery, in said county of Montgomery, on the 1st day of February, 1856, with interest thereon. This note was endorsed by Mrs. Winter, and her husband as her trustee, to Gindrat, and by Gindrat to Quarles, the complainant, who claimed it as his own property. Mrs. Winter had, at the time of making said promissory note, a large separate estate, consisting in part of negro slaves, which was held by her husband for her sole and separate use and benefit. The prayer is, that Mrs. Winter and her husband and trustee be made parties defendant to said bill, and that so much of her separate estate as was necessary to pay said debt, be sold for that purpose.

There is no note at the bottom of the bill desiring the defendants to answer the same, and there is no waiver of answers on oath. On the 12th day of August, 1858, an amended bill was filed by complainant, in which it is alleged, that, at the time of making said promissory note, Mrs. Winter owned as her separate estate certain slaves, named Dennis, Keziah, Hampton and Henry, and the same were in Montgomery county. This amendment waives answers on oath to the original and amended bills, but it also omits a note at the bottom of the bill, as required by the 10th rule of chancery practice. On the 14th day of March, 1861, Mrs. Winter and her husband and trustee filed their joint answer and cross bill to said original and amended bills, in which they demur to said original and amended bills for want of equity. Afterwards, on the 17th day of January, 1866, the complainant filed a second amended bill, in which it is alleged, that Mrs. Winter had considerable separate estate, consisting of real property, in said county of Montgomery, which had been conveyed to trustees for her sole and separate use and benefit, in the years 1852,

1854, and 1855; in portions of which she only had a life estate, with remainder to her children; in other portions of the same, she has a separate estate without limitation; but in all these, the legal title is vested in her trustee. The deeds evidencing these conveyances are set out in the amended bill, and describe the real estate there conveyed. On the 19th day of February, 1867, Mrs. Winter and her husband and trustee filed their joint and several answers to this second amended bill, in which they insist on their motion to strike the original and each amended bill from the files of the court below, "for the reason that, to neither said original bill nor said amendments have any note or memorandum, at the bottom or close thereof, been added." This answer is accompanied with a demurrer to "said amended bill;" and among other causes of demurrer, it is assigned that said second amended bill is repugnant to the original bill and first amendment, and makes a new case; and that "neither said original bill nor the second amendment thereto requires any answer to be made to the same, either by prayer, notice, note, or memorandum attached thereto." These demurrers were overruled by the chancellor below. In this he erred. These objections were well taken, and the demurrers should have been sustained.

The original and amended bills constitute one suit; and the grounds for relief must be consistent throughout the whole, and must have existed at the filing of the bill.— 1 Dan. Ch. Pr. (Perkins' ed.) 455; Story Eq. Bl. § 885.

Here the original bill states but four jurisdictional facts, viz: The making of the note by Mrs. Winter; that she was a married woman; her ownership of a separate estate; and the ownership by Quarles of the note made by Mrs. Winter, on the 22d November, 1854, and her failure to pay it. This is not enough. It must be alleged and proven, that the note is a charge upon her separate estate; or that the note has been so executed, and for such a consideration, as to make it a charge on her separate estate. It is not shown whether Mrs. Winter's estate is a statutory separate estate, or a separate estate created in some other manner, and is such a separate estate as she can charge with the

payment of such a debt as that alleged in the original bill, and that she has taken the proper course to charge it upon her separate estate. In these particulars, the original bill is defective.— *Warfield v. Ravisies and Wife*, 38 Ala. 518 ; *Pope v. Bibb*, January term of this court, 1869 ; *O'Neal v. Robinson*, at the present term. The first amended bill does not cure this defect in the allegations of the original bill. It merely shows, in addition to the allegations of the original bill, that the property owned by Mrs. Winter is personal estate—certain negro slaves. It does not disclose the title by which she holds her separate estate, whether by statute or conveyance by deed, or otherwise. This is necessary ; and must be alleged with a proper degree of certainty. The allegations of the bill are to be taken most strongly against the complainant, and in favor of the defendants. If this is done in this case, the court should construe the separate estate of Mrs. Winter, named in the original and first amended bills, to be a statutory separate estate ; because this would be most favorable to her.—Revised Code, § 2373 ; 38 Ala. 518, and cases, *supra ; Cockerell and Wife v. Gurley*, 26 Ala. 405 ; *Jones v. Cowles*, 18 Ala. 332 ; *Bliss v. Anderson*, 31 Ala. 612 ; Story's Eq. Pl. § 27.

The second amended bill shows, that the title of Mrs. Winter to her separate estate is by deed, making the legal title in her trustee ; and that she and her children are interested in said estate. It is not shown that there are no children. This is inconsistent with the title set up in the original and first amended bill. It is, therefore, a departure which is not allowed. The two titles are not the same, and different persons are interested in them.

The right to amend is very broad under our statute, and should be liberally construed. Yet an amendment which is inconsistent with the original bill, or which sets up a narrative of facts different from that of the original bill, and which do not form a part of the facts on which it is predicated, or which legitimately grew out of it, is demurrable. An amendment can only be allowed, where the original bill is defective in proper parties, or in the prayer for relief, or in the omission of some fact connected with the substance of the case, or necessary frame of the bill.

*Rumbly v. Stainton and Wife*, 24 Ala. 712; *Larkins v. Biddle*, 21 Ala. 252; *King and Wife v. Avery*, 37 Ala. 169; *Bondurant v. Sibley's Heirs*, 37 Ala. 565; *Cain v. Gimon*, 36 Ala. 168; *Ingraham v. Foster*, 31 Ala. 123. The note at the bottom of the original bill, and the amendments, is a necessary part of the bill, and its omission, unless it is waived, is cause of demurrer.—Revised Code, p. 824; Rule 10, Chan. Practice; *O'Neal v. Robinson*, at present term.

The second amended bill ought to show, if such is the fact, that the title set up there, which creates the separate estate of Mrs. Winter, is the same as that relied on in the original, and that it is a part of the same case. It ought, also, to show that Mrs. Winter has no children, or if such exist, it should be alleged who they are; and they should be made parties to the suit; and that the note mentioned in the original bill is a charge upon the separate estate sought to be subjected to its payment.

For the errors above pointed out, the decree of the court below is reversed; and as it is not impossible that the original and amended bills may be made to harmonize, and in order that the children of Mrs. Winter, who are shown by the proofs to be in existence, may be brought before the court, the cause is remanded for further proceedings in the court below. The appellees, as the administrators of the estate of Samuel Quarles, deceased, will pay the costs of this appeal in this court and the court below.